**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** : | |
| : | **Chapter 11** |
| **LEWISBERRY PARTNERS, LLC,** : | |
| : | **Bankruptcy No. 21-10327 (ELF)** |
| **Debtor.** : | |

**INTERIM ORDER GRANTING THE MOTION OF THE DEBTOR PURSUANT TO 11
U.S.C. §§ 361, 363 AND 105 TO APPROVE USE OF CASH COLLATERAL**

AND NOW, upon consideration of the Expedited Motion of the Debtor, Lewisberry Partners, LLC (the "Debtor") pursuant to 11 U.S.C. §§ 361, 363 and 105 to (i) Permit Use of Cash Collateral and Provide Adequate Protection to Parties With Interest in Cash Collateral (ii), Schedule Final Hearing on the Motion, and (iii) Request for Expedited Hearing, Reduced Notice Period and Limited Notice Pursuant to Federal Rule of Bankruptcy Procedure 9006(C)(1) and Local Bankruptcy Rule 5070(f) (the "Motion"),[1] and

IT APPEARING THAT, at or prior to the hearing on the Motion, pursuant to Bankruptcy Rules 4001(b) the Debtor has provided, each of the parties set forth below such notice of the time, place, and nature of the interim hearing as practicable under the circumstances, whether by telephone, electronic transmission, facsimile, overnight courier or by hand delivery: (1) the Office of the United States Trustee, (2) the Debtor's secured lender Loan Funder LLC, Series 7693 and its servicer Fay Servicing, LLC, and (3) the Debtor's top 20 unsecured creditors, and it further

APPEARING, that Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 9, 2021 (the "Petition Date") and is continuing in the management

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion, the Bankruptcy Code and/or the Federal Rules of Bankruptcy Procedure.

OMC\4815-8279-5485.v1-2/18/21

and possession of its businesses and property as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code; and it further

APPEARING that the Debtor owns the Properties which consist of thirty (30) townhomes which it leases to residential tenants; and it further

APPEARING, that prior to the Petition Date, the Debtor entered into a secured Note and Security Agreement under and pursuant to which Loan Funder was granted a first priority mortgage on the Properties of the Debtor; and it further

APPEARING, that in connection with the Note and Security Agreement, the Debtor granted an assignment of rents to Loan Funder (the "Lewisberry Collateral") as security for the obligations under the Note; and it further

APPEARING, that Debtor has requested that Loan Funder continue to allow the Debtor to use cash in order to provide funds to be used by Debtor for its general operating, working capital, and other business purposes in the ordinary course of Debtor's business on an interim and permanent basis; and it further

APPEARING, that the ability of the Debtor to continue its businesses and remain a viable entity and thereafter reorganize under chapter 11 of the Bankruptcy Code depends upon Debtor obtaining use of its cash collateral; and it further

NOW, THEREFORE, upon the submissions, offers of proof and the record set forth by Debtor, including the Motion, the pleadings in this case, the record of the proceedings heretofore held before this Court with respect to the Motion and upon completion of the interim hearing and sufficient cause appearing therefor, the Court hereby finds as follows:

A.      **Notice and Hearing**.  Notice of the Motion and order shortening time pursuant to Federal Rule of Bankruptcy Procedure 9006(c) for the hearing on the Debtor's use of cash

OMC\4815-8279-5485.v1-2/18/21

collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B. **Chapter 11 Filed**. Debtor filed its voluntary petitions under Chapter 11 of the Bankruptcy Code on February 9, 2021 (the "Petition Date") and is presently operating as a Debtor-in-Possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

C. **Pre-Petition Debt**. Loan Funder has alleged liens and security interests in the assets of the Debtor, including but not limited to its rents cash. Any and all rights of the Debtor, any Creditors' Committee that may be appointed, any successor-in-interest to the Debtor and any party in interest to contest the scope, validity, and or perfection of Loan Funder's purported liens and security interests as well as the application of any payment made by the Debtor to Loan Funder/Fay pursuant to this Order are hereby preserved.

D. **Pre-Petition Collateral**. Loan Funder/Fay asserts that it has properly perfected liens on its collateral at the commencement of the case, including the Debtor's rents and other collateral which is or may result in cash collateral, which assertion remains the subject of a contest as set forth in paragraph C above.

E. **Necessity and Best Interest**. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its businesses in Chapter 11. The Debtor requires the immediate authority to use Cash Collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of Cash Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final

3

hearing. The amount of Cash Collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's Budget, annexed hereto as Exhibit "A" (the "Budget") for the time period from the Petition Date through the date of a further hearing scheduled herein.

H. **Purposes**. Debtor is authorized to use the Cash Collateral to meet its ordinary cash needs (and for such other purposes as may be approved in writing by Loan Funder) for the payment of the Debtor's actual expenses necessary to (a) maintain and preserve their assets, (b) continue operation of its businesses, including the payment of expenses as reflected in the Budget, and (c) to pay United States Trustee fees.

**ORDERED** as follows:

a. **Use of Cash Collateral**. Debtor is authorized to use Cash Collateral pursuant to the Budget, with a 10% variance allowed to the Debtors over and above such amounts, until ~~_____~~ March 19, 2021 (the "Interim Period") for the operation of the Debtor's business. The Debtor's banks and each of them are authorized and directed to receive, process, honor, and pay upon any draft drawn on Loan Funder's collateral for purposes of making the payments authorized under this Cash Collateral Order.

b. **Adequate Protection.** As adequate protection for use of Loan Funder's Cash Collateral from the Petition Date forward, Loan Funder is granted Replacement Liens to the same extent and priority existing on the Petition Date. Replacement perfected security interests under Section 361(2) of the Bankruptcy Code to the extent the Cash Collateral of Loan Funder is used by the Debtors, to the extent of, and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that Loan Funder held in the Debtor's pre-petition collateral. In

4

addition, the Debtor shall make an adequate protection payment to Fay as servicer of the Loan in the amount of Fifty-Three Thousand Five Hundred Dollars ($53,500.00).

~~c.~~

~~d.~~c.    **Interlocutory Order and No Modification of Loan Funder's Adequate Protection**. This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit Loan Funder to the relief granted herein: (b) bar Loan Funder and/or the Debtor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to Loan Funder, the Debtor and other parties-in-interest entitled to notice of same.  The Order may be modified for cause shown by the Debtor or Loan Funder on notice to creditors. No such modification, however, shall deprive Loan Funder of its interests in Debtor's property (pre-petition and post-petition).

~~e.~~d.    **Further Hearing**.  Any creditor or other interested party having any objection to the Debtor's request for further interim use of the Cash Collateral and relief, shall file with the Clerk of this Court and serve upon counsel for the Debtor and Loan Funder on or before ~~_____,~~ March 1**,** **2021**, a written objection and shall appear to advocate said objection at a hearing to be held on ~~_____~~March 16, **2021 at** ~~__:~~**2:**00 ~~ap~~**.m**. in Bankruptcy Courtroom #1, Robert N.C. Nix, Sr., Federal Building & Post Office, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania.  In the event no objections are filed and advocated at such hearing, then the Court may enter an Order authorizing further use of cash collateral without further notice or hearing in accordance with Bankruptcy Rule 4001(d)(3).

### [REMAINDER OF ORDER ON FOLLOWING PAGE]

OMC\4815-8279-5485.v1-2/18/21

f.e.    **Notice of Order**.  Debtor shall serve a copy of this Order, and supporting papers if not previously served, by first-class mail upon (1) the United States Trustee, (2) Loan Funder or its counsel (3) Fay or its counsel (4) the members of the Creditors Committee and its counsel, or if no committee has been appointed, the 20 largest unsecured creditors, and any other parties requesting notice.  Debtors shall immediately file with the Clerk a Certificate of Service of said mailing.

Dated: _____          _____
                                        Honorable Eric L. Frank
                                        United States Bankruptcy Judge

OMC\4815-8279-5485.v1-2/18/21