IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------X
:
IN RE:                                          :   CASE NO.: 21-10327-ELF
                                                :
                                                :   CHAPTER: 11
LEWISBERRY PARTNERS, LLC,                       :
                                                :   HON. ERIC L. FRANK
                                                :
Debtor.                                         :
                                                :
                                                :
                                                :
                                                :
------------------------------------------------------------------X

**OPPOSITION TO
DEBTOR'S CONTINUED USE OF CASH COLLATERAL
AND CROSS MOTIONS TO DISBURSE PROCEEDS FROM SALE OF REAL ESTATE
AND FOR RELIEF FROM AUTOMATIC STAY
AND FOR EXPEDITED HEARING, REDUCED NOTICE PERIOD AND LIMITED
NOTICE**

Fay Servicing LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee of the HOF Grantor Trust I files this opposition to Debtor's request for continued use of cash collateral and moves for disbursement of the proceeds from the sale of real estate and relief from the automatic stay and request for an expedited hearing, reduced notice period and limited notice, alleging as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3

2. Venue over this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding which may be heard and determined by this Court pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), and 157(b)(2)(G).

## BACKGROUND

4. Fay Servicing LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee of the HOF Grantor Trust I, its predecessors, successors and assigns (hereinafter "Secured Creditor") is a first-lien lender and the holder of a recorded Open-Ended Commercial Mortgage, Security Agreement and Fixture Filing executed by Debtor to secure repayment of a loan in the original principal amount of $8,025,000.00 ("Loan") , repayment of which is secured by, among other things, mortgages on real properties in Fairview Township, York County commonly known as the following addresses:

    a. 142 Scully Place;

    b. 144 Scully Place;

    c. 146 Scully Place;

    d. 148 Scully Place;

    e. 135 Scully Place;

    f. 133 Scully Place;

    g. 131 Scully Place;

    h. 129 Scully Place;

    i. 127 Scully Place;

    j. 125 Scully Place;

    k.  123 Scully Place;

    l.  121 Scully Place;

    m.  111 Scully Place;

    n.  109 Scully Place;

    o.  107 Scully Place;

    p.  105 Scully Place;

    q.  103 Scully Place;

    r.  101 Scully Place;

    s.  2 Kingswood Drive;

    t.  4 Kingswood Drive

    u.  6 Kingswood Drive

    v.  8 Kingswood Drive

    w.  10 Kingswood Drive

    x.  12 Kingswood Drive

    y.  14 Kingswood Drive

    z.  16 Kingswood Drive

    aa.  18 Kingswood Drive

    bb.  20 Kingswood Drive

    cc.  22 Kingswood Drive; and,

    dd.  24 Kingswood Drive[1]

---

[1] There is additional collateral that secures the Loan owed to Secured Creditor which collateral is owned by Richard Puleo and/or Lorraine Puleo, individually, and therefore is not property of this Debtor's Estate.

5. Secured Creditor is the holder of the Commercial Promissory Note in the original principal amount of $8,025,000.00 given to Loan Funder LLC, Series 7693 on June 26, 2019 and assignee of the aforesaid recorded Open-Ended Commercial Mortgage, Security Agreement and Fixture Filing. A copy of the Commercial Promissory Note; recorded Open-Ended Commercial Mortgage, Security Agreement and Fixture Filing; Loan and Security Agreement and, recorded Assignment of Mortgage are attached hereto as "**Exhibit A**."

6. On February 12, 2021, the Debtor and Debtor-in-Possession filed a Motion for Interim and Final Orders Pursuant to 11 U.S.C. Sections 361, 363 and 105 to (I) Permit Use of Cash Collateral and Provide Adequate Protection to Parties with Interests in Cash Collateral; (II) Schedule a Final Hearing; and (III) Request for Expedited Hearing, reduced Notice Period and Limited Notice ("Debtor's Motion for Cash"). The Motion for Cash is annexed as **Exhibit B.**

7. Initially, Secured Creditor did not oppose the use of cash collateral to provide Debtor with an opportunity to operate and provide Secured Creditor with an opportunity to review the matter as more information became available on the Debtors' business operations and Debtor's intentions with regard to reorganization.

8. Secured Creditor has become increasing concerned by Debtor's unfounded and repeated reference to a "dispute" that Secured Creditor holds a valid, perfected and non-avoidable security interest. See **Exhibit B**, paragraph 9.

9. Secured Creditor is increasingly concerned by the lack of mention or any prospect of successful reorganization.

10. The amount of the debt owed by Debtor to Secured Creditor as of the date the Petition in Bankruptcy was filed was $8,621,620.14. The amount needed to cure the default as of the date the Debtor's Chapter 11 Petition was filed was $805,547.18. Secured Creditor filed its

Proof of Claim further itemizing these past due amounts. The Secured Creditor's duly filed Proof of Claim is annexed as **Exhibit C**.

11.     Prior the Bankruptcy filing, the Debtor failed to pay required monthly payments in the amount of $53,500.00 under the terms of the Note and Mortgage for August 1, 2020 through February 1, 2021.

12.     Prior the Bankruptcy filing, the Debtor failed to make payment for taxes and insurance associated with the real property that secured repayment of the Loan. See **Exhibit C**.[2]

13.      Pursuant to terms of the Note and Mortgage, in the event of a default, Secured Creditor may declare the entire outstanding principal balance, together with many other amounts the Debtor owes to Secured Creditor, to be immediately due and payable. Secured Creditor therefore asserts the right to all costs, expenses, default interest and other allowable fees under the terms of the Note and Mortgage as well as applicable law.  See **Exhibit A.**

## BANKRUPTCY FILING

14.     On February 9, 2021, (the "Petition Date"), Lewisberry Partners, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code").

15.     Debtor is currently operating as a Debtor in Possession with no Trustee appointed.

16.     On February 16, 2021, Debtor filed a Motion for entry of an order (i) granting expedited consideration, shortened time and limited notice; (ii) granting the Debtor authority to sell three properties which were security for the loan owed to Secured Creditor: (i) 2 Kingswood Drive, Lewisberry, PA 17339 (Lot 47); (ii)  8 Kingswood Drive, Lewisberry, PA 17339 (Lot 50);

---

[2] Escrow advances totaled $329,574.62 as of the date that the chapter 11 Petition was filed.

and (iii) at 16 Kingswood Drive, Lewisberry, PA 17339 (Lot 54) ["Debtor's Motion to Sell"]. A copy of the Debtor's Motion to Sell is annexed as **Exhibit D.**

17. Secured Creditor did not oppose the sale pursuant to the pre-petition sales agreements, although such sales were not in the ordinary course of business.

18. The Commercial Promissory Note provides as follows:

> 6. **Leasing Covenant.** Borrower shall lease the Mortgaged Properties to Eligible Tenants at the Loan Closing or by the day which is 30 days after the closing (the "30 Day Lease Date") (as defined in Section 2.12 of the Loan Agreement). If Borrower provides Lender evidence to Lender in its sole discretion that Borrower has (a) leased the Mortgaged Property to (b) an Eligible Tenant, (c) pursuant to an Eligible Lease by (d) the 30 Day Lease Date, then Borrower will have complied with this Section. If Borrower fails to comply with (a) through (d) above, then Borrower's interest rate shall be increased two hundred (200) basis points above the applicable note contract rate until the Mortgaged Properties are leased in accordance with this Section 6. See **Exhibit A**, Commercial Promissory Note, Paragraph 6.

19. The Order permitting the sale of the three properties provided that "The Debtor shall retain the net proceeds of the Sales, and all liens, claims, and encumbrances related to any Allowed Claim shall attached to the proceeds up to the release Price for each of the Sales, which Release Prices…shall be held in escrow pending the outcome of the Debtor's disputes with Loan Funder and Fay with respect to the purported liens and claims." A copy of the Court Order allowing sale of real property) ("Sales Order") is annexed as **Exhibit E**.

20. This Opposition to Continued Use of Cash Collateral and Cross Motions to Disburse Sales Proceeds and for Relief from Automatic Stay is being filed on the following grounds:

    a. Debtor has asserted without basis in fact that it disputes the liens and claims of the Secured Creditor which holds a valid recorded security interest in the real properties, fixtures and rents and profits of the business (See Debtor's Schedule

8

   D: Creditors Who Have Claims Secured by Property, pages 1-2, annexed hereto as **Exhibit F**);

b. Debtor has asserted that it disputes the liens and claims of the Secured Creditor despite the fact that the proceeds from the Loan enabled the Debtor to purchase thirty (30) of the real properties that constitute part of its business and secure repayment of the Loan to Secured Creditor (See **Exhibit A**);

c. Debtor has asserted that it disputes the liens and claims of the Secured Creditor, despite the fact that the proceeds from the Loan also provided funds to refurbish other properties that constitute Debtor's business and secure repayment of the Loan due to Secured Creditor (See **Exhibit A**);

d. Debtor retains proceeds of sale from the properties at 2 Kingswood Drive, Lewisberry, PA 17339 (Lot 47); (ii) 8 Kingswood Drive, Lewisberry, PA 17339 (Lot 50); and (iii) at 16 Kingswood Drive, Lewisberry, PA 17339 (Lot 54).

e. Unless secured Creditor is given Loan proceeds, the Sale of the properties at ) 2 Kingswood Drive, Lewisberry, PA 17339 (Lot 47); (ii) 8 Kingswood Drive, Lewisberry, PA 17339 (Lot 50); and (iii) at 16 Kingswood Drive, Lewisberry, PA 17339 (Lot 54) reduced the collateral that secured repayment of the Loan to Secured Creditor since loan origination on June 26, 2019 and on the date the bankruptcy petition was filed, on February 9, 2021.

f. Debtor holds the proceeds of sale from real properties on which Secured Creditor has a first position lien to secure repayment of the Loan under the pretense of a dispute as to the lien.

g. Debtor's business is operating at significant unexplained losses indicating an annual loss of $500,233.00 for 1/1/2019 to 12/31/2019, before the full impact of the pandemic making its business decisions and operations and use of funds suspect and questionable (See Statement of Financial Affairs for Non-Individuals Filing Bankruptcy, annexed as **Exhibit G**);

h. There is a significant escrow shortage in the amount of $329,574.62 as of the date the Bankruptcy Petition was filed because Debtor also has failed to fulfill its duty to pay taxes and insure the properties pursuant to the Commercial Mortgage, Security Agreement and Fixture Filings and related Loan agreements. See **Exhibit C.**

21. Secured Creditor also requests that the Court hold a hearing on this Motion as the issues are inter-related to those involved with the Motion for use of Cash Collateral filed on an expedited basis by Debtor. Secured Creditor also requests the Debtor be prohibited from using cash collateral in which Secured Creditor has a security interest and that the Court grant such further relief this Court deems proper and just.

## ARGUMENT

### I. RELIEF FROM THE AUTOMATIC STAY IS MANDATED BY THE BANKRUPTCY CODE.

**A. The Security of Secured Creditor for repayment of its Loan has been diminished By Debtor in Bankruptcy.**

22. The Debtor contends that Secured Creditor is under-secured. See **Exhibit F**.

23. Secured Creditor has less collateral securing repayment of its Loan than it had on the date the Debtor's Bankruptcy Petition was filed because Debtor has sold three of the

townhouses that were security for repayment of the Loan owed to Movant and refuses to disburse proceeds to Secured Creditor, claiming a dispute regarding the security interest and that it is holding proceeds of sale for the benefit of other Creditors.  See **Exhibit D,** paragraph 40.

24. Under these circumstances, Debtor is in acting in bad faith and deliberately diminishing the collateral of the Secured Creditor and, therefore, relief from is warranted

**B.  Relief from the automatic stay is warranted.**

25. Section 362(d) (1) and (2) provide, in pertinent part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> (A) the debtor does not have any equity in such property;
> (B) such property is not necessary to an effective reorganization;

26.  Section 362(d) is mandatory, not permissive. The Court shall grant relief from the stay for any of the reasons stated in the three subsections. *In re Elmira Litho, Inc.,* 174 Bankr.892,900 (Bankr. S.D.N.Y. 1994); *In re Touloumis,* 170 Bankr. 825,8 27 (Bankr. S.D.N.Y. 1994); *In re Kleinman*, 156 Bankr. 131, 136 (Bankr. S.D.N.Y. 1993); *In re Diplomat Electronics*, 82 BR 688 (S.D.N.Y. 1988).

**C. Adequate Protection Payments are not being made.**

27.  Debtor's inability to provide Secured Creditor with adequate protection payments are grounds for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

11

28. Debtor made a single adequate protection payment in February, 2021. No payment was tendered for March, 2021.

29. Instead of tendering adequate protection payments, Debtor is liquidating collateral that secures repayment of Secured Creditor's Loan.

30. If not provided with alternative collateral, Movant seeks an Order directing the Debtor to tender additional adequate protection payments. 11. U.S.C. §363(e).

31. Although "adequate protection' is not defined by the Bankruptcy Code, it has generally been interpreted to require that the secured creditor receive sufficient payments such that, in light of the collateral it holds and the nature of its interest, its financial position is not eroding. See *Bluebird Partners, L.P. v. First Fidelity Bank, N.A.*, 85 F.3d 970, 972 (2d Cir.1996). Further, *In re: Ame Corporation, et al., Debtors,* 490 B.R. 470 demonstrates that the Debtor has the burden of proof on the issue of adequate protection; and the entity asserting an interest in property has the burden of proof on the issue of validity, priority, or extent of such interest." 11 U.S.C. § 363(p). Thus, when a secured creditor moves for adequate protection pursuant to §363(e), it need only establish the validity of its interest in the collateral, while "the Debtor bears the initial burden of proof as to the issue of 'adequate protection.' *In re Village Green I, GP,* 435 B.R. 525, 530 (Bankr.W.D.Tenn.2010).

32. Secured Creditor has recorded Security Interests in the real property, fixtures, rents, profits, etc. See **Exhibit A.**

33. The Debtor's intention[3] of reorganizing through this Chapter 11 must founded in a realistic assessment of their debt and their ability to pay same, while adequately protecting Secured

---

[3] Secured Creditor doubts that Debtor intends to do anything but liquidate the Estate and litigate a fabricated dispute with Secured Creditor in the hope of somehow decreasing the amount of the debt owed to Secured Creditor. No proposal to reorganize is suggested in the filings or any communication made by Counsel for Debtor..

12

Creditor via monthly interest payments. The Secured Creditor has not been provided a realistic assessment of ability to repay the obligation.

34. Lack of realistic prospect of reorganization requires relief from the automatic stay. *In re Diplomat Electronics*, 82 BR 688 (S.D.N.Y. 1988).

### II. PROCEEDS FROM THE SALE OF COLLATERAL FOR THE LOAN OWED TO SECURED CREDITOR SHOULD BE DISBURSED TO SECURED CREDITOR IN ORDER FOR IT TO ATTEMPT TO RECOVER ITS EQUITY POSITION.

35. Secured Creditor is entitled to the sales proceeds from Properties that were collateral that secured repayment of its loan and additional adequate protection to replace the interest in rents and profits of the business which Debtor retained.

36. Debtor, who has no equity in the properties purchased June 26, 2019 with the Loan Proceeds, magnanimously states that it will use the value of the properties "for the benefit of its Creditors." The properties clearly are security for repayment of the Loan to a single secured creditor, to wit, Secured Creditor. See Motion to Sell, annexed as **Exhibit D**. See **Exhibit D**, Paragraph 40.

37. The result of Debtor's two expedited motions has been to decrease the collateral that secured repayment of the Loan, owned to Secured Creditor, by holding the proceeds of sale for three (3) of the properties that were security for the Loan, under a pretense of a dispute regarding the validity of the security interest.

38. Moreover, significant unnecessary sums allegedly being spent for "operating "expenses are merely a means to siphon value from the Secured Creditor and distribute to persons whom Debtor wishes.

39. Debtor contends Secured Creditor is under-secured, but for the sake of transparency, Secured Creditor notes the existence of additional collateral for repayment of the Loan, that is real properties owned by Richard and Lorraine Puleo and not property of this Debtor's Estate.

40. On February 16, 2021, five days after filing its petition, Debtor filed a Motion for entry of an order (i) granting expedited consideration, shortened time and limited notice; (ii) granting the Debtor authority to sell three (3) properties which were security for the loan owed to Secured Creditor: i) 2 Kingswood Drive, Lewisberry, PA 17339 (Lot 47); (ii) 8 Kingswood Drive, Lewisberry, PA 17339 (Lot 50); and (iii) at 16 Kingswood Drive, Lewisberry, PA 17339 (Lot 54) [hereinafter "Sold Collateral"}.

41. With the notice time truncated, and its lien position intact, Secured Creditor opted not to oppose the sales of the assets.

42. Upon information and belief, 2 Kingswood Drive sold for $257,000.00; 8 Kingswood drive sold for $265,000.00 and 16 Kingswood Drive sold for $270,000.00.

43. Secured Creditor's Claim attaches to the sales proceeds up to the release price for each of the sales and the Debtor is required to hold these funds in escrow.

44. Page 26 of the Loan Security Agreement between Lewisberry Partners LLC and Loan Funder LLC, Series 7693 provides as follows:

14

> 23. **Releases of Collateral.**
>
>     (a) The Lender may release, regardless of consideration, the obligation of any Person or Persons liable for payment of any of the Obligations secured hereby, or may release any part of the Mortgaged Property or any other collateral now or hereafter given to secure the payment of the Obligations or any part thereof, without impairing, reducing or affecting the obligations of the Borrower or Guarantors under the Loan Documents.
>
>     (b) Within thirty (30) days of Borrower's request, provided: (i) Borrower is not in default hereunder or under any other Loan Document(s); and (ii) no event has occurred which with the passage of time and/or the giving of notice would constitute a default hereunder or under any other Loan Document(s), Lender shall release portions of the Mortgaged Property from the lien created by the Mortgage ("Released Property") subject to: (i) Borrower's payment to Lender of the Release Price (as hereinafter defined) for the Released Property and (ii) Borrower's delivery to Lender of documentation evidencing a bonafide arms length transaction for the sale of the Released Property. The Release Price for the Released Property shall be equal to the greater of: (y) (i) One Hundred Twenty percent (120%) of the net sale price of the Released Property (subject to reasonable and customary closing adjustments and sales commissions to be approved by Lender in Lender's reasonable discretion); and (ii) One Hundred Twenty percent (120%) of the gross sale price of the Released Property; or (z) such other minimum Release Price as required by Lender in its sole discretion.

45. The Sold Collateral was transferred free and clear of the liens for the following amounts:

    a. 2 Kingswood Drive was sold for $257,000.00.

    b. 8 Kingswood Drive sold for $265,000.00; and,

    c. 16 Kingswood Drive sold for $270,000.00.

46. The Court approved the following release prices for the Sold Collateral:

    a. 2 Kingswood $223,177.57;

    b. 8 Kingswood $218,714.01; and,

    c. 16 Kingswood $223,177.57.

47. The Court-approved release price for Sold Collateral totals $665,069.15 ("Funds from Sold Collateral").

48. Secured Creditor demands release of funds in the amount of $665,069.15 from Sold Collateral to it in order to maintain the value of the security it had when the Debtor's Bankruptcy Petition was filed on February 9, 2021.

49. If Secured Creditor is under-secured as stated by Debtor, it is due to Debtor liquidating assets and/or dissipating collateral that secures repayment of the Loan.

50. Debtor contends it "believes" sale of collateral was in the "ordinary course of business." See Motion to Sell annexed as **Exhibit G**.  See **Exhibit G**, paragraphs 31,34 and 38.

51. The allegation is disingenuous at best. Debtor's alleged belief is completely unfounded since the business is limited to leasing. See **Exhibit A**, Commercial Promissory Note, Paragraph 6.

52. Moreover, Secured Creditor has a purchase money mortgage on thirty (30) of the properties purchased in 2019.

**II. THE COURT SHOULD DENY CONTINUED USE OF CASH COLLATERAL IN WHICH LENDER HAS A SECURITY INTEREST IN THE ABSENCE OF THE DEBTOR PROVIDING ADDITIONAL AND DIFFERENT COLLATERAL IS AVAILABLE TO SECURED CREDITOR**

53. Three days after Debtor filed its Petition under Chapter 11, it filed the Motion for Interim and Final Orders Pursuant to 11 U.S.C. Sections 361, 363 and 105 to (I) Permit Use of Cash Collateral and Provide Adequate Protection to Parties with Interests in Cash Collateral; (II) Schedule a Final Hearing; and (III) Request for Expedited Hearing, reduced Notice Period and Limited Notice (Debtor's Motion for Cash").

54. As stated in its Motion for Cash, Secured Creditor has a first mortgage on the real property as stated and a security interest in present and future fixtures, rents, profits and income from the business. See Motion to Use Case Collateral, annexed as **Exhibit B**. See **Exhibit B**, paragraphs 7-9.

55. Secured Creditor determined to allow Debtor initial use of the rents to operate the business pending receipt and review of further information and documentation on the business operations and assets that could provide information on the additional collateral required.

56. Debtor has provided Secured Creditor no assurances of adequate protection seeking only to further diminish the collateral that secures repayment of the Loan.

57. Moreover, Debtor has repeatedly disputed the lien position of the Secured Creditor without foundation in fact. Its security interests are duly recorded. See **Exhibit A.**

58. Debtor failed to provide replacement liens or even suggest any assets are available to provide a replacement liens to Secured Creditor.

59. The lien on rents, profits and income is not replenishing as money spent by the Debtor cannot be spent again. *In re Hari Ram Inc*, 507 BR 114 (M.D. PA, 2014).

60. Debtor fails to even allude to a plan of reorganization and all Debtor's motions seek to liquidate secured Creditor's collateral for repayment of the Loan and disburse Secured Creditor's Cash Collateral to any party except the entity entitled to it.

**WHEREFORE**, Secured Creditor, Fay Servicing LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee of the HOF Grantor Trust I, respectfully requests an entry of its Order directing Debtor to disburse to Secured Creditor funds from the sale of the Sold Collateral up to the Court ordered release prices and granting Secured Creditor relief from the automatic stay pursuant to 11 U.S. C §362(d)(1) for the remaining properties that secure repayment of the obligation owed to Secured Creditor and for such other and further relief as is just and proper.

Dated: April 7, 2021

Respectfully submitted,


By: */s/ Lorraine Gazzara Doyle*
Lorraine Gazzara Doyle, Esquire
FRIEDMAN VARTOLO LLP
Fay Servicing, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee of the HOF Grantor Trust I its successors and assigns
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100
F: (212) 471-5150