# Exhibit "C"

**Fill in this information to identify the case:**

Debtor 1    Lewisberry Partners, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Eastern District of Pennsylvania

Case number    21-10327-ELF

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. **Who is the current creditor?** | HOF I Grantor Trust I | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? | |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Fay Servicing, LLC<br>Name<br><br>PO Box 814609<br>Number    Street<br><br>Dallas       TX     75381<br>City      State     ZIP Code<br><br>Contact phone (312) 291-3781<br><br>Contact email | **Where should payments to the creditor be sent?** (if different)<br><br>Fay Servicing, LLC<br>Name<br><br>PO Box 814609<br>Number    Street<br><br>Dallas       TX     75381<br>City      State     ZIP Code<br><br>Contact phone (312) 291-3781<br><br>Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |
| 4. **Does this claim amend one already filed?** | ☐ No<br>☑ Yes. Claim number on court claims registry (if known) 3-1 | Filed on 03/29/2021 *<br>MM / DD / YYYY<br>*Amended to include the correct AOM. |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? | |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __0__ __0__ __0__ __3__

**7. How much is the claim?**

$_____8,621,620.14__ **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe: Commercial real property;fixtures and appliances;rent and profits

**Basis for perfection:** Recorded Mortgages, Security Agreements & Fixture Filings

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $____8,621,620.14__

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $____805,547.18__

**Annual Interest Rate** (when case was filed) 8.000 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12.** **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

/s/  _____
     Signature

**Print the name of the person who is completing and signing this claim:**

Name        Lorraine Gazzara Doyle
            _____
            First name          Middle name          Last name

Title       Secured Creditor Attorney
            _____

Company     Friedman Vartolo LLP
            _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     85 Broad Street, Suite 501
            _____
            Number          Street

            New York                              NY          10004
            _____
            City                                  State       ZIP Code

Contact phone   (212) 471-5100                    Email    bankruptcy@friedmanvartolo.com

| Total Arrearage as of: | | 2/9/2021 | | $ | 805,547.18 |
|---|---|---|---|---|---|
| Description | Date | Amount | | Total | |
| Regular Monthly Installments | 8/1/20 - 2/1/21 | $ | 53,500.00 | | |
| | | | | $ | 374,500.00 |
| Late Charges | 4/11/2020 | $ | 2,675.00 | | |
| | | | | $ | 2,675.00 |
| Attorney Fees (F/C LNS) | 11/21/2020 | $ | 250.00 | | |
| | 2/6/2021 | $ | 250.00 | | |
| | | | | $ | 500.00 |
| Property Inspections | 6/10/2020 | $ | 14.25 | | |
| | 7/31/2020 | $ | 14.25 | | |
| | 9/21/2020 | $ | 14.25 | | |
| | 11/21/2020 | $ | 14.25 | | |
| | 1/18/2021 | $ | 14.25 | | |
| | | | | $ | 71.25 |
| Escrow Advance | | | | $ | 329,574.62 |
| Escrow Shortage | | | | $ | 124,976.31 |
| Less Suspense | | | | $ | (26,750.00) |

| Description | Date | Amount | Total |
|---|---|---|---|
| Total Debt as of: | 2/9/2021 | | $ 8,621,620.14 |
| | | | |
| Unpaid Principal Balance | | | $ 8,025,000.00 |
| Deferred Principal Balance | | | $ - |
| Accrued Interest | | | $ 290,549.27 |
| | | | |
| Late Charges | 4/11/2020 | $ 2,675.00 | |
| | | | $ 2,675.00 |
| | | | |
| Attorney Fees (F/C LNS) | 11/21/2020 | $ 250.00 | |
| | 2/6/2021 | $ 250.00 | |
| | | | $ 500.00 |
| | | | |
| Property Inspections | 6/10/2020 | $ 14.25 | |
| | 7/31/2020 | $ 14.25 | |
| | 9/21/2020 | $ 14.25 | |
| | 11/21/2020 | $ 14.25 | |
| | 1/18/2021 | $ 14.25 | |
| | | | $ 71.25 |
| | | | |
| Escrow Advance | | | $ 329,574.62 |
| Less Suspense | | | $ (26,750.00) |



**ESCROW ACCOUNT**
**DISCLOSURE STATEMENT**

P.O.Box 814609
Dallas, TX 75381-4609

Loan Number:
Analysis Date: 2/22/2021

Customer Service

LEWISBERRY PARTNERS LLC
RICHARD PULEO
100 SCULLY PLACE
LEWISBERRY PA 17339

| | Monday-Friday | 9:00 a.m. to 5:00 p.m. CT |
| | Saturday | 10:00 a.m. to 2:00 p.m. CT |

| | Present Payment | NEW PAYMENT Effective 03/01/2021 |
|---|---|---|
| Principal & Interest | $53,500.00 | $53,500.00 |
| Escrow Deposit | $25,179.12 | $15,622.04 |
| Optional Insurance | $0.00 | $0.00 |
| Other | $0.00 | $0.00 |
| Subsidy | $0.00 | $0.00 |
| Total | $78,679.12 | $69,122.04 |

**ESCROW ANALYSIS STATEMENT**

At least once every12 months Fay Servicing analyzes your escrow account, in accordance with federal regulations, to ensure we collect sufficient funds to pay escrow items when they are due. The escrow account analysis below is an estimate of the activity that will occur in your escrow account over the next 12 months. The analysis will show if you currently have a shortage or overage in your account. If there is an overage amount over $50, the full amount of the overage will be refunded to you.

Escrow Advance
As of Filing Date

BK Filed 2/9/2021    $329,574.62

Escrow in POC:

PROJECTED ESCROW ACTIVITY FOR THE NEXT 12 MONTHS

| | PAYMENTS TO ESCROW | PAYMENTS FROM ESCROW | DESCRIPTION | PROJECTED BALANCE | REQUIRED BALANCE |
|---|---|---|---|---|---|
| MONTH | | | | | $124,976.31 |
| $0.00 | Mar-21 | $15,622.04 | $64,730.05 | CITY / TOWN | ($49,108.01) | $75,868.30 |
| $0.00 | Apr-21 | $15,622.04 | $0.00 | | ($33,485.97) | $91,490.33 |
| $0.00 | May-21 | $15,622.04 | $0.00 | | ($17,863.94) | $107,112.37 |
| $0.00 | Jun-21 | $15,622.04 | $0.00 | | ($2,241.90) | $122,734.41 |
| $0.00 | Jul-21 | $15,622.04 | $0.00 | | $13,380.14 | $138,356.45 |
| $0.00 | Aug-21 | $15,622.04 | $122,734.41 | SCHOOL | ($93,732.23) | $31,244.08 |
| $0.00 | Sep-21 | $15,622.04 | $0.00 | | ($78,110.19) | $46,866.12 |
| $0.00 | Oct-21 | $15,622.04 | $0.00 | | ($62,488.15) | $62,488.15 |
| $0.00 | Nov-21 | $15,622.04 | $0.00 | | ($46,866.12) | $78,110.19 |
| $0.00 | Dec-21 | $15,622.04 | $0.00 | | ($31,244.08) | $93,732.23 |
| $0.00 | Jan-22 | $15,622.04 | $0.00 | | ($15,622.04) | $109,354.27 |
| $0.00 | Feb-22 | $15,622.04 | $0.00 | | $0.00 | $124,976.31 |
| $0.00 | | | | | | |
| $0.00 | Total: | $187,464.46 (a) | 187,464.46 | | | |
| $0.00 | | | | | | |
| $0.00 | | | | | | |
| $0.00 | | | | | | |
| $0.00 | | | | | | |
| $0.00 | | | | | | |

| | | | |
|---|---|---|---|
| Escrow in POC: | $0.00 | Required | $124,976.31 |
| Escrow at Filing: | $329,574.62 | Escrow Balance | ($329,574.62) |
| Total: | ($329,574.62) | Total Required: | $454,550.93  Escrow Shortage Placed in POC |

**UNDERSTANDING YOUR MONTHLY**
**ESCROW PAYMENT AMOUNT**

**1. Projected Monthly Escrow Payment**
The section titled "Projected Escrow Activity for the Next 12 Months" is a schedule that represents all anticipated payments to and from escrow for the coming year. First, we take the total of all Projected Payments from Escrow (a) and divide it equally over 12 months to determine your Projected Monthly Escrow Payment: **$187,464.46/** 12 months = **$15,622.04**

**2. Escrow Surplus/Shortage**
The minimum escrow balance required in your account is known as the Required Low Point. This is **$31,244.08** under "Projected Escrow Activity for the Next 12 Months". The Required Low Point is set in accordance with your mortgage contract, state law or federal law.   Mortgage Insurance, if any, is not included in the Required Low Point calculation. Next, we compare the Projected Low Point **$93,732.23** to the Required Low Point **$31,244.08**  to determine the Required Balance **$124,976.31**  Next, we compare the Required Balance **$124,976.31** to the Escrow Balance **$329,574.62** to determine the overage/surplus: You have a shortage of **$454,550.93** because the Escrow Balance of **$329,574.62**  is less than the Required Balance of **$124,976.31**.  The shortage is placed in the proof of claim.

**3. New Monthly Escrow Payment**
Monthly Escrow Payment:     **$15,622.04**
Effective Date                      **03/01/2021**

---

## ESCROW ACCOUNT DISCLOSURE STATEMENT

**Loan Number:**                    **ACCOUNT HISTORY**                    **Date:**    **2/22/2021**

This is a statement of actual activity in your escrow account from 00/00/0000 through 00/00/0000. This section provides last year's projections and compares it with actual activity.

An asterisk (*) indicates a difference from a previous estimate either in the date or amount and may be caused by any of the following:

· The actual amount of insurance or taxes paid since your last Escrow Analysis Statement was higher or lower than anticipated

· Additional funds were applied to your escrow account

· The time elapsed between payments to escrow and disbursement from escrow was shorter or longer than anticipated on your last Escrow Analysis Statement.

| Month | Payments | | Disbursements | | Description | Escrow Balance | |
|---|---|---|---|---|---|---|---|
| | Projected | Actual | Projected | Actual | | Projected | Actual |
| | | | | | Beginning Balance | | |
| **TOTAL** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | | **$0.00** | **$0.00** |

**LEWISBERRY PARTNERS LLC**
**$8,025,000.00**
**June 26, 2019**

## COMMERCIAL PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, **LEWISBERRY PARTNERS LLC,** a Pennsylvania limited liability company  having an address at **27 Nutt Road, Phoenixville, PA 19460** ("Maker"), promises to pay to the order of **LOAN FUNDER LLC, SERIES 7693,** a Delaware limited liability company at its principal place of business at **645 Madison Avenue, Floor 19, New York, NY 10022** ("Lender"), or at such other place as the holder hereof may designate, the principal amount of **Eight Million Twenty Five Thousand and 00/100 dollars ($8,025,000.00),** with interest on the principal amount of this Note computed from the date hereof, together with all taxes assessed upon this Note and together with any costs, expenses, and reasonable attorneys' fees incurred in the collection of this Note or in protecting, maintaining, or enforcing its security interest or any mortgage securing this Note or upon any litigation or controversy affecting this Note or the security given therefor, including, without limitation, proceedings under the Federal Bankruptcy Code.

1. **Payments.** Principal and interest hereunder shall be payable as follows:

   **A.**    Interest on the principal amount of this Note shall accrue at the rate of 8% per annum for the period from the date hereof to and including June 30, 2019 and shall be payable at the closing of the Loan.

   **B.**    The rate of interest of this Note, which shall remain effective until an Event of Default (as defined below), initially shall be fixed at 8% per annum. Commencing sixty (60) months after the date hereof, on June 26, 2025, the interest rate on this Note is subject to adjustment and shall accrue on the unpaid principal balance of this Note at the rate, determined by Lender, in its sole discretion, equal to the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as most recently published by *The Wall Street Journal* as of the date forty-five (45) days prior to each Interest Rate Change Date (the "LIBOR Rate"), plus five and 57/100 percent (5.57% %), and rounded up to the nearest 1/8th of one percentage point (0.125). The interest rate will be adjusted (each an "Adjusted Interest Rate") every year beginning on June 26, 2026 to reflect a change in the LIBOR Rate (each, an "Interest Rate Change Date"). Notwithstanding the foregoing, the maximum possible interest rate, absent an event of default, shall not exceed the Maximum Rate (as defined below). Additionally, in no event shall the interest rate on this Promissory Note ever be less than eight percent (8%) and in no event shall the interest rate increase or decrease more than two percent (2%) from the rate previously in effect. The foregoing is a reference rate for information and its use by the Lender herein in establishing the actual rates to be charged to Maker and does not necessarily constitute its lowest or best rate. If the Lender determines that no interest rate reporting service presented information to identify the interest rate deferred above, the rate of interest at which deposits in dollars are offered to major banks in the London interbank market for a one-year period on the day that is two business days prior Interest Rate Change Date by any bank reasonably selected by the Lender. The change in the interest rate is effective whether or not Lender gives maker notice of the change. Interest on this Note shall be calculated on the basis of a 30-day month, 360 day year.  Interest on this Note is subject to adjustment in accordance with Sections 5 and 6 below.

1

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

      **C.**     On the date hereof, Maker shall pay interest for the period from the date hereof to and including June 30, 2019. Commencing on **August 01, 2019**, and on the first day of each month thereafter, until **June 26, 2049**, Maker shall make monthly payments of interest only in arrears on the outstanding Principal Amount.  Thereafter, Maker shall make payments of principal and interest, with said payments being in an amount amortized so that the Principal Balance is repaid by the Maturity Date. Maker acknowledges that it must repay the entire Principal Amount, together with all accrued unpaid interest thereon, on the Maturity Date. Makers initial monthly payment will be $53,066.67. The amount of the monthly installment of principal and interest payable shall change on each Interest Rate Change Date (each, a "Payment Change Date").  Commencing on the first Payment Change Date, the monthly payment will be based on the applicable Adjusted Interest Rate, the principal amount of the Loan then outstanding, and the Remaining Amortization Period. Remaining Amortization Period shall mean as of the applicable Payment Change Date, the Original Amortization Period minus the number of scheduled monthly installments of principal and interest that have elapsed since the date of this Note prior to the Payment Change Date.  The Original Amortization Period shall mean the number of months set forth in the amortization schedule.

      **D.**     If not sooner paid, the entire principal amount of this Note, together accrued interest and with all other sums due hereunder, shall be due and payable in full on **June 26, 2049** (the "Maturity Date").

      **E.**     All payments received will be credited first to late charges and costs hereunder, then to interest accrued at the applicable interest rate hereinafter set forth, with the balance on account of principal.

      **F.**     At no time shall the interest rate exceed the Maximum Rate permitted by the usury statutes governing this Note, if any. If, by application of the above interest rate formula, the interest rate would exceed and violate such usury statutes, interest shall accrue at the Maximum Rate as contemplated in Section 16 below.

2. **Closing and Loan Disbursement.**    The Closing of the Loan and disbursement of the Loan proceeds will be made in accordance with the terms of the Loan Agreement of even date.

3. **Security.**  This Note is secured by a first priority Commercial Mortgage(s) (the "Mortgage(s)") on those certain parcel(s) of real property known as **Lots 47 through 96 located in Phase 2 & 3 of the P Lewisberry, PA,** being more specifically described in the Loan Agreement and Mortgage(s).

4. **Default.** If any of the following events occur (which is an "Event of Default"), Lender may declare the entire outstanding principal balance hereof, together with any other amounts that Maker owes to Lender, to be immediately due and payable:

    **a.**   Maker fails to pay any installment of principal and/or interest or any other charges due under this Note within five (5) days after the same becomes due and payable;

    **b.**   Maker defaults in any other obligations, liabilities, or indebtedness with Lender (whether now existing or hereafter arising) set forth in the Loan Agreement, Mortgage(s), Assignment(s) of Leases and Rents or other Loan Documents;

    **c.**   Maker sells, leases, or otherwise disposes of all or substantially all of its property, assets, or business in violation of the Mortgage and Loan Documents, or if Maker ceases any of its business operations, dissolves, or commences reorganization;

2

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

**d.** Maker makes or takes any action to make a general assignment for the benefit of its creditors or becomes insolvent or has a receiver, custodian, trustee in Bankruptcy, or conservator appointed for it or for substantially all or any of its assets;

**e.** Maker files or becomes the subject of a petition in Bankruptcy or upon the commencement of any proceeding or action under any Bankruptcy laws, insolvency laws, relief of debtors laws, or any other similar law affecting Maker, provided, however, that Maker shall have sixty (60) days from the filing of any involuntary petition in Bankruptcy to have the same discharged and dismissed;

**f.** Upon the failure by Maker to observe or perform, or upon default in, any covenants, agreements, or provisions in the Mortgage, Loan Agreement or in any other instrument, document, or agreement, executed and/or delivered in connection herewith or therewith;

**g.** Any representation or statement made herein or any other representation or statement made or furnished to Lender by Maker was materially incorrect or misleading at the time it was made or furnished;

**h.** In the event of any material adverse change in the financial condition of Maker or any guarantor of the loan; or

**i.** Upon the death of any guarantor of the loan.

5. **Default Rate.** After the occurrence of an Event of Default (whether or not the Loan has been accelerated), interest will accrue at the lesser of (i) **23%** per annum or (ii) the Maximum Rate (as defined in Section 16 below) allowed by applicable law. Interest will continue to accrue at the default rate after judgment until the Note is paid in full.

6. **Leasing Covenant.** Borrower shall lease the Mortgaged Properties to Eligible Tenants at the Loan Closing or by the day which is 30 days after the closing (the "30 Day Lease Date") (as defined in Section 2.12 of the Loan Agreement). If Borrower provides Lender evidence to Lender in its sole discretion that Borrower has (a) leased the Mortgaged Property to (b) an Eligible Tenant, (c) pursuant to an Eligible Lease by (d) the 30 Day Lease Date, then Borrower will have complied with this Section. If Borrower fails to comply with (a) through (d) above, then Borrower's interest rate shall be increased two hundred (200) basis points above the applicable note contract rate until the Mortgaged Properties are leased in accordance with this Section 6.

7. **Prepayment.** Provided that Maker is not in default hereunder, except as provided herein, Maker may prepay all or any portion of the unpaid principal balance of this Note at any time. All prepayment shall be applied first to any costs or charges due hereunder, then to interest due and owing hereunder, and then to principal then outstanding, in inverse order of maturity. Should Borrower need to repay the loan prior to the Maturity Date, Lender will permit Borrower to repay and Borrower will be charged a prepayment premium (whether by sale of the Mortgaged Properties or refinance) of 1.5% of the allocated loan amount for the twelve properties attached hereto on Exhibit "A". The remaining thirty-eight properties are subject to a prepayment lockout for six (6) months, with no penalty thereafter.

8. **Late Charge.** It is further agreed that the holder hereof may collect a late charge equal to the greater of five percent (5%) of any payment required hereunder or One Hundred Dollars ($100.00)

3

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

including without limitation the final payment, or any other payment required under any security agreement, mortgage, or any other instrument, document, or agreement executed and/or delivered in connection herewith which·is not paid within ten (10) days of the due date thereof. This late charge is to cover the extra expenses involved in handling delinquent payments and is not to be construed to cover other costs and attorneys' fees incurred in any action to collect this Note or to foreclose the mortgage securing the same. This provision shall not affect or limit the holder's rights or remedies with respect to any Event of Default.

9. **Lien/Set Off.** Maker hereby gives the holder hereof a lien and right of set off for all of Maker's liabilities to the holder hereof or Lender upon and against all deposits, credits, and other property of Maker now or hereafter in the possession or control of the holder hereof, or in transit to it, excepting however, funds held in trust by Maker. All payments shall be made in lawful currency of the United States of America in immediately available funds, without abatement, counterclaim, or set-off, and free and clear of, and without any deduction or withholding for, any taxes or other matters.

10. **Purpose of Loan.** Maker represents and warrants that the proceeds of this Note are to be used solely for business and commercial purposes and not at all for any personal, family, household, or other noncommercial or farming or agricultural purposes. Maker acknowledges that Lender is making this loan to Maker in reliance upon the above representation by Maker. The above representation by Maker will survive the closing of this loan and repayment of amounts due to Lender hereunder.

11. **Other Obligations.** To the extent that the outstanding balance of this Note is reduced or paid in full by reason of any payment to Lender by an accommodation maker, endorser, or guarantor, and all or any part of such payment is rescinded, avoided, or recovered from Lender for any reason whatsoever, including, without limitation, any proceedings in connection with the insolvency, bankruptcy, or reorganization of the accommodation maker, endorser, or guarantor, the amount of such rescinded, avoided, or returned payment shall be added to or, in the event this Note has been previously paid in full, shall revive the principal balance of this Note upon which interest may be charged at the applicable rate set forth in this Note and shall be considered part of the outstanding balance of this Note and all terms and provisions herein shall thereafter apply to the same.

12. **Waiver. MAKER (AND EACH AND EVERY ENDORSER, GUARANTOR, AND SURETY OF THIS NOTE) ACKNOWLEDGES THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION, AND HEREBY VOLUNTARILY AND KNOWINGLY WAIVES THE RIGHT TO NOTICE AND HEARING UNDER APPLICABLE NEW YORK GENERAL STATUTES, OR ANY SUCCESSOR STATUTE OF SIMILAR IMPORT, WITH RESPECT TO ANY PREJUDGMENT REMEDY AS DEFINED THEREIN, AND FURTHER WAIVES DILIGENCE, DEMAND, PRESENTMENT FOR PAYMENT, NOTICE OF NONPAYMENT, PROTEST AND NOTICE OF PROTEST AND NOTICE OF ANY RENEWALS OR EXTENSIONS OF THIS NOTE, AND ALL RIGHTS UNDER ANY STATUTE OF LIMITATIONS, AND AGREES THAT THE TIME FOR PAYMENT OF THIS NOTE MAY BE CHANGED AND EXTENDED AS PROVIDED IN SAID MORTGAGE OR ANY SECURITY AGREEMENT, WITHOUT IMPAIRING MAKER'S LIABILITY THEREON, AND FURTHER CONSENTS TO THE RELEASE OF ALL OR ANY PART OF THE SECURITY FOR THE PAYMENT HEREOF, OR THE RELEASE OF ANY PARTY LIABLE FOR THIS OBLIGATION WITHOUT AFFECTING THE LIABILITY OF THE OTHER PARTIES HERETO. ANY DELAY ON THE PART OF THE HOLDER HEREOF IN EXERCISING ANY RIGHT HEREUNDER SHALL NOT OPERATE AS A WAIVER OF ANY SUCH**

4

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

**RIGHT, AND ANY WAIVER GRANTED FOR ONE OCCASION SHALL NOT OPERATE AS A WAIVER IN THE EVENT OF ANY SUBSEQUENT DEFAULT. MAKER FURTHER WAIVES TRIAL BY JURY AND ACKNOWLEDGES THAT IT MAKES THIS WAIVER KNOWINGLY, VOLUNTARILY, AND ONLY AFTER CONSIDERATION OF THE RAMIFICATIONS OF THE WAIVER BY ITS ATTORNEY.**

13. **Binding Effect.** This Note shall be binding on Maker, its successors and assigns and shall inure to the benefit of Lender, any holder hereof, its successors and assigns.

14. **Governing Law.** This Note shall be governed by, and construed in accordance with, the laws of the State of New York. The Maker acknowledges and agrees that the transaction evidenced by this Note was negotiated and accepted in the State of New York and the performance of the obligations hereunder shall be deemed to be performed in the State of New York.

15. **Joint and Several.** Should this Note be signed by more than one Maker, references in this Note to Maker in the singular shall include the plural and all obligations herein contained shall be joint and several of each signer hereof.

16. **Maximum Rate.** Notwithstanding anything to the contrary contained herein, under no circumstances shall the aggregate amount paid or agreed to be paid hereunder exceed the highest lawful rate permitted under applicable usury law (the "Maximum Rate") and the payment obligations of Maker under this Note are hereby limited accordingly. If under any circumstances, whether by reason of advancement or acceleration of the maturity of the unpaid principal balance hereof or otherwise, the aggregate amounts paid on this Note shall include amounts which by law are deemed interest and which would exceed the Maximum Rate, Maker stipulates that payment and collection of such excess amounts shall have been and will be deemed to have been the result of a mistake on the part of both Maker and the holder of this Note, and the party receiving such excess payments shall promptly credit such excess (to the extent only of such payments in excess of the Maximum Rate) against the unpaid principal balance hereof and any portion of such excess payments not capable of being so credited shall be refunded to Maker.

17. **Rights Cumulative.** The rights and remedies of Lender shall be cumulative and not in the alternative, and shall include all rights and remedies granted herein, in any document referred to herein or executed and/or delivered in connection herewith, and under all applicable laws, and the exercise of any one or more of them will not be a waiver of any other.

18. **Severability.** If any term, clause, or provision hereof shall be adjudged to be invalid or unenforceable by a court of appropriate jurisdiction, the validity and enforceability of the remainder shall not be affected thereby and each such term, clause, or provision shall be valid and enforceable to the fullest extent permitted by law.

19. **Payments Past Maturity.** Maker hereby authorizes Lender, at Lender's sole discretion, to instruct Lender's servicer or subservicer to continue accepting payments from Maker past the then original Maturity Date of this Note at the original terms stated herein and in the other Loan Documents. Maker hereby authorizes Lender and its servicer and subservicer to either (i) initiate, and/or continue the initiation of, ACH direct debit transactions from Maker's bank account supplied to Lender or its servicer or subservicer; and/or (ii) otherwise accept monthly payments due and owing on this Note in the form of paper checks or as otherwise agreed by and between Maker and Lender's servicer or subservicer. If the then original Maturity Date of this Note has passed, the continued acceptance of payments by Lender shall be at the sole and absolute discretion of Lender, and Lender

5

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

shall not be obligated to accept such payments. Lender reserves the right to cease or discontinue acceptance of any such payments from Maker at any time and to pursue all of its available remedies under this Note and the other Loan Documents.

6

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

**IN WITNESS WHEREOF**, the undersigned have executed this Commercial Promissory Note as of June 26, 2019.

**BORROWER**
**LEWISBERRY PARTNERS LLC**

By: _____

Name: Richard J Puleo
Title: Managing Member

STATE OF PA )
                                    )ss.:
COUNTY OF LANCASTER )

I certify that on June 26, 2019, Richard J Puleo, came before me in person and stated to my satisfaction that he/she:

(a) made the attached instrument; and

(b) was authorized to and did execute this instrument on behalf of and as Managing Member of LEWISBERRY PARTNERS LLC (the "Company"), the entity named in this instrument, as the free act and deed of the Company, by virtue of the authority granted by its operating agreement and members.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
William B. Stull, Notary Public
Lancaster County
My commission expires November 16, 2019
Commission number 1162557

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

## EXHIBIT A

24 Kingswood Drive, Lewisberry, PA
22 Kingswood Drive, Lewisberry, PA
18 Kingswood Drive, Lewisberry, PA
20 Kingswood Drive, Lewisberry, PA
16 Kingswood Drive, Lewisberry, PA
14 Kingswood Drive, Lewisberry, PA
12 Kingswood Drive, Lewisberry, PA
10 Kingswood Drive, Lewisberry, PA
8 Kingswood Drive, Lewisberry, PA
6 Kingswood Drive, Lewisberry, PA
4 Kingswood Drive, Lewisberry, PA
2 Kingswood Drive, Lewisberry, PA

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

## GUARANTY

**$8,025,000.00**                                                                                    **June 26, 2019**

WHEREAS, **LEWISBERRY PARTNERS LLC,** a Pennsylvania limited liability company having its principal place of business at **27 Nutt Road, Phoenixville, PA 19460** (the "Borrower"), has requested **LOAN FUNDER LLC, SERIES 7693,** a Delaware limited liability company having its principal place of business at **645 Madison Avenue, Floor 19, New York, NY 10022** (the "Lender"), a loan in the principal sum of **Eight Million Twenty Five Thousand and 00/100 dollars ($8,025,000.00)** (the "Loan"), which Loan will be evidenced by a Commercial Promissory Note of even date herewith, (as may be amended, restated or modified from time to time, hereinafter, the "Note") from Borrower to Lender, and secured by, among other things, that certain Loan and Security Agreement of even date herewith, (as may be amended, restated or modified from time to time, the "Loan Agreement") and that certain Mortgage and Security Agreement of even date herewith, (as may be amended, restated or modified from time to time, the "Mortgage") from Borrower to Lender, all of the foregoing being of even date herewith. All capitalized terms used herein but not defined shall have the meaning ascribed to such terms in the Loan Agreement;

WHEREAS, Lender is willing to make the Loan to Borrower only if, among other things, the undersigned (sometimes referred to herein individually and collectively as the "Guarantor") executes and delivers this Guaranty of Payment (as may be amended, restated or modified from time to time, "Guaranty") and guarantees payment to Lender of the Debt (as hereinafter defined) in the manner provided herein; and

WHEREAS, the undersigned expects to derive benefit from the Loan.

NOW, THEREFORE, in order to induce Lender to make the Loan to Borrower, the undersigned hereby guarantees absolutely and unconditionally to Lender the payment of the Debt and covenants and agrees with Lender as follows:

1.    Recitals. The recitals set forth above are incorporated herein by reference.

2.    Guaranty Clause. The Guarantor hereby absolutely, irrevocably and unconditionally guaranties to Lender the full, prompt and unconditional payment of the Debt, when and as the same shall become due, whether at the stated maturity date, by acceleration or otherwise, and the full, prompt and unconditional performance of each and every term and condition of every transaction to be kept and performed by Borrower under the Note. This Guaranty is a primary obligation of Guarantor and shall be a continuing inexhaustible guaranty. Lender may require Guarantor to pay and perform any or all of the Guarantor's liabilities and obligations under this Guaranty and may proceed immediately against Guarantor without being required or obligated to bring any proceeding or take any action against Borrower, any other guarantor or any other person, entity or property prior thereto. The liability of each Guarantor hereunder is joint and several with all other Guarantors, if applicable, and all other guarantors, and is independent of and separate from the liability of Borrower, any other guarantor, person or entity, and is independent of the availability of any collateral security for and/or under any documents granting Lender security for the Loan.

(a)    The term "Debt" as used in this Guaranty shall mean the principal sum evidenced by the Note and secured by the Mortgage, together with interest thereon at the rate of interest specified in the Note and all other sums which may or shall become due and payable pursuant to the provisions of the Note, Mortgage, Loan Agreement, or any other agreement, document or certificate executed and/or

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP
Guaranty

delivered by Borrower to Lender in connection with the Loan, including any and all modifications, amendments, and ratifications thereto (collectively the "Loan Documents").

      (b)    The undersigned agrees that, upon demand, the undersigned will reimburse Lender, to the extent that such reimbursement is not made by Borrower, for all expenses (including reasonable counsel fees) incurred by Lender in connection with the collection of the Debt or any portion thereof, including any expenses incurred in any post-judgment proceedings to collect and enforce such judgment. This provision is separate and several and shall survive the merger of this Guaranty into any judgment on this Guaranty.

      (c)    All moneys available to Lender for application in payment or reduction of the Debt may be applied by Lender in such manner and in such amounts and at such time or times and in such order and priority as Lender may see fit to the payment or reduction of such portion of the Debt or other obligations of Borrower as Lender may elect.

      (d)    This Guaranty is an absolute, continuing, unconditional and unlimited guaranty of payment and not merely of collection and Lender shall be entitled to payment from the undersigned without first commencing any action against Borrower or resorting to any security or to any credit on the books of Lender in favor of Borrower. The undersigned acknowledges and agrees that this Guaranty and any or all other guaranties made to Lender in connection with this Loan are joint and several guaranties.

    3.    Lender's Rights. The undersigned hereby consents that from time to time, before or after any default by Borrower, with or without further notice to or assent from the undersigned, (i) any security at any time held by or available to Lender for any obligation of Borrower, (ii) any security at any time held by or available to Lender for any obligation of any other person or party secondarily or otherwise liable for all or any portion of the Debt, and/or (iii) any obligation arising under any other guaranty to Lender made in connection with the Loan, may be exchanged, surrendered or released and any obligation of Borrower may be changed, altered, renewed, extended, continued, surrendered, compromised, waived or released in whole or in part, or any default with respect thereto waived, and Lender may fail to set off and may release, in whole or in part, any balance of any credit on its books in favor of Borrower, and may extend further credit in any manner whatsoever to Borrower, and generally deal with Borrower or any such security or obligation and the undersigned shall remain bound under this Guaranty notwithstanding any such exchange, surrender, release, change, alteration, renewal, extension, continuance, compromise, waiver, inaction, extension of further credit or other dealing. No invalidity, irregularity or unenforceability of all or any part of the Debt or the impairment or loss of security or obligation therefor, whether caused by any action or inactions of Lender or otherwise, shall affect or impair this Guaranty.

    4.    Guarantor Waivers. The undersigned hereby waives and agrees not to assert or take advantage of any defense based upon:

      (a)    Notice of acceptance of this Guaranty and of the making of the Loan by Lender to Borrower;

      (b)    Presentment and demand for payment of the Debt or any portion thereof;

      (c)    Protest and notice of dishonor or default to the undersigned with respect to the Debt or any portion thereof;

      (d)    Notice of intent to accelerate, notice of acceleration and all other notices to which the undersigned might otherwise be entitled;

Case 21-10327-elf    Doc 71-7    Filed 04/07/21    Entered 04/07/21 17:04:33    Desc
Exhibit C: APOC Part 1    Page 19 of 27

(e)    Any demand for payment under this Guaranty;

(f)    The incapacity, lack of authority, death or disability of Borrower or any other person or entity;

(g)    The failure of Lender to commence an action against Borrower and/or Guarantor or to proceed against or exhaust any security held by Lender at any time, or to pursue any other remedy whatsoever at any time;

(h)    Any duty on the part of Lender to disclose to the undersigned any facts Lender may now or hereafter know regarding Borrower, regardless of whether Lender has reason to believe (i) that any such facts materially increase the risk beyond that which the undersigned intends to assume, or (ii) that such facts are unknown to the undersigned, the undersigned acknowledging that he, she or it is fully responsible for being and keeping informed of the financial condition and affairs of Borrower;

(i)    Lack of notice of default, demand of performance or notice of acceleration to Borrower or any other party with respect to the Loan or Borrower's obligations guaranteed hereby;

(j)    The consideration for this Guaranty (or lack or inadequacy thereof);

(k)    Any acts or omissions of Lender which vary, increase or decrease the risk on the undersigned;

(l)    Any rights or defenses based upon an offset by the undersigned against any obligation now or hereafter owed to the undersigned by Borrower;

(m)    Any statute of limitations affecting the liability of the undersigned hereunder, the liability of Borrower or Guarantor under the Loan Documents or the enforcement hereof, to the extent permitted by law;

(n)    The application by Borrower of the proceeds of the Loan for purposes other than the purposes represented by Borrower to Lender and the undersigned or intended or understood by Lender or the undersigned;

(o)    An election of remedies by Lender, including any election to proceed against any collateral by judicial or nonjudicial foreclosure, whether real property or personal property, or by deed in lieu thereof, and whether or not every aspect of any foreclosure sale is commercially reasonable, and whether or not any such election of remedies destroys or otherwise impairs the subrogation rights of the undersigned or the rights of the undersigned to proceed against Borrower or any guarantor by way of subrogation or for reimbursement or contribution, or all such rights;

(p)    Any statute or rule of law which provides that the obligation of a surety must be neither larger in amount nor in any other aspects more burdensome than that of the principal obligor;

(q)    Lender's election, in any proceeding instituted under Title 11 of the United States Code (the "Bankruptcy Code"), of the application of Section 1111(b)(2) of the Bankruptcy Code or any successor statute; and

3

(r)    Any borrowing or any grant of a security interest under Section 364 of the Bankruptcy Code.

THIS IS AN UNCONDITIONAL AND IRREVOCABLE WAIVER OF ANY RIGHTS AND DEFENSES THE UNDERSIGNED MAY HAVE BECAUSE BORROWER'S DEBT IS SECURED BY INTERESTS IN REAL PROPERTY.

5.    Collection and Enforcement.

(a)    LENDER MAY COLLECT FROM THE UNDERSIGNED WITHOUT FIRST FORECLOSING ON ANY REAL OR PERSONAL PROPERTY COLLATERAL PLEDGED BY BORROWER; AND

(b)    IF LENDER FORECLOSES ON ANY REAL PROPERTY COLLATERAL PLEDGED BY BORROWER:

i.    THE AMOUNT OF THE DEBT MAY BE REDUCED ONLY BY THE PRICE FOR WHICH THAT COLLATERAL IS SOLD AT A FORECLOSURE SALE, EVEN IF THE COLLATERAL IS WORTH MORE THAN THE SALE PRICE; AND

ii.    LENDER MAY COLLECT FROM THE UNDERSIGNED EVEN IF LENDER, BY FORECLOSING ON THE REAL PROPERTY COLLATERAL, HAS DESTROYED ANY RIGHT THE UNDERSIGNED MAY HAVE TO COLLECT FROM BORROWER.

6.    Successors and Assigns.  Each reference herein to Lender shall be deemed to include its successors and assigns, in whose favor the provisions of this Guaranty shall also inure.  Each reference herein to the undersigned shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of the undersigned, all of whom shall be bound by the provisions of this Guaranty.

7.    No Waiver.  No delay on the part of Lender in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on the undersigned shall be deemed to be a waiver of the obligation of the undersigned or of the right of Lender to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this Guaranty be effective unless in writing nor shall any such waiver be applicable except in the specific instance for which such waiver is given.

8.    Representations and Warranties.  To further induce Lender to make the Loan to Borrower, the Guarantor makes the following warranties and representations, with the knowledge that Lender will rely on the veracity thereof:

(a)    The execution and delivery by the Guarantor of this Guaranty and any other document executed and/or delivered by the Guarantor to Lender in connection therewith (collectively, the "Guaranty Documents"), and the performance of the obligations thereunder, do not and will not: (a) violate any provision of law, rule, regulation, order, writ, judgment, injunction, decree, determination or award presently in effect having applicability to the Guarantor; or (b) result in any breach of or constitute any default under any indenture or loan or credit agreement or any other agreement, lease or instrument to which the Guarantor is a party or by which the Guarantor or his/her/their/its properties may be bound or affected, and the Guarantor is not in default under any such law, rule, regulation, order, writ, judgment, injunction, decree, determination or award or any such indenture, agreement, lease or instrument.

4

(b)     There is no material action, suit, proceeding, inquiry or investigation, at law or in equity, or before any court, governmental instrumentality, public board or arbitrator pending or threatened against or affecting the Guarantor or any of his properties or rights, wherein an unfavorable decision, ruling or finding would (i) to the extent not covered by insurance as to which the insurer has not disclaimed coverage, result in any material adverse change in the financial condition, business, properties or operations of the Guarantor; (ii) materially or adversely effect the Guaranty; or (iii) adversely effect the validly or enforceability of the Guaranty Documents.

(c)     The Guarantor is in compliance with all applicable laws.

(d)     Borrower is a pre-existing entity actively engaged in the operation of its business and has not been created as a vehicle to obtain the Loan.  The proceeds of the Loan will be used by Borrower solely to (a) discharge or release liens upon the real property encumbered by the Mortgage (the "Property") or for other business purposes directly related to the Property, and (b) pay fees and other amounts related thereto or to the making of the Loan, and the proceeds of the Loan will not be paid over or diverted by Borrower to any member, officer, director or shareholder of Borrower, the Guarantor, any other guarantors of the Loan or any other person.

(e)     On the date hereof, (i) the assets of the Guarantor exceed his liabilities, and (b) the Guarantor is paying his debts as they become due.

9.     No Subrogation.  Notwithstanding any payments made by the undersigned pursuant to the provision of this Guaranty, the undersigned shall have no right of subrogation in and to the Note, or any other security held by or available to Lender for the Debt or the payment thereof until the Debt has been paid in full to Lender.

10.     Limitation of Remedies.  The Guarantor is hereby prohibited from exercising against Lender or Agent any right or remedy which it might otherwise be entitled to exercise against any one or more (but less than all) of the individual parties constituting Lender, including, without limitation, any right of set-off or any defense.

11.     Miscellaneous.

(a)     Governing Law.  This Guaranty is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of New York and shall be in all respects governed, construed, applied and enforced in accordance with the laws of said state without regard to conflicts of laws considerations; and this Guaranty shall be construed without regard to any presumption or rule requiring construction against the party causing such instrument or any portion thereof to be drafted; and no defense given or allowed by the laws of any other state or country shall be interposed in any action or proceeding hereon unless such defense is also given or allowed by the laws of the State of New York. The undersigned agrees to submit to personal jurisdiction in the State of New York in any action or proceeding arising out of this Guaranty and, in furtherance of such agreement, the undersigned hereby agrees and consents that without limiting other methods of obtaining jurisdiction, personal jurisdiction over the undersigned in any such action or proceeding may be obtained within or without the jurisdiction of any court located in New York and that any process or notice of motion or other application to any such court in connection with any such action or proceeding may be served upon the undersigned by registered mail to or by personal service at the last known address of the undersigned, whether such address be within or without the jurisdiction of any such court.

(b)    <u>Waivers</u>. The Guarantor hereby waives any claim, right or remedy which the Guarantor may now have or hereafter acquire against Borrower that arises hereunder and/or from the performance by the Guarantor hereunder, including, without limitation, any claim, remedy or right of subrogation, reimbursement, exoneration, contribution, indemnification, or participation in any claim, right or remedy of Lender against Borrower or any security which Lender now has or hereafter acquires, whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law or otherwise. The foregoing waiver by the Guarantor shall terminate and be of no further force or effect at such time as the entire Debt has been fully and indefeasibly paid to and received by Lender.

(c)    <u>Severability</u>. A determination that any portion of this Guaranty is unenforceable or invalid shall not affect the enforceability or validity of any other provision, and any determination that the application of any provision of this Guaranty to any circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to other circumstances.

(d)    <u>Notices</u>. All notices, consents, approvals and requests required or permitted hereunder or under any other Loan Document shall be given in writing and shall be effective for all purposes if hand delivered or sent by (a) certified or registered United States mail, postage prepaid, return receipt requested or (b) expedited prepaid delivery service, either commercial or United States Postal Service, with proof of attempted delivery, and by telecopier (with answer back acknowledged), addressed as follows (or at such other address and a person as shall be designated from time to time by any party hereto, as the case may be, in a written notice to the other parties hereto in the manner provided for in this Section):

| | |
|---|---|
| If to Lender: | LOAN FUNDER LLC, SERIES 7693,<br>645 Madison Avenue, Floor 19,<br>New York, NY 10022 |
| With a copy to: | LaRocca, Hornik, Rosen, & Greenberg<br>83 South Street<br>Freehold, New Jersey 07728<br>Attention: Jonathan L. Hornik, Esq.<br>Facsimile No.: (732) 409-0350 |
| If to Guarantor: | Richard J. Puleo<br>27 Nutt Road |
| With a copy to: | Phoenixville, PA 19460 |

A notice shall be deemed to have been given: in the case of hand delivery, at the time of delivery; in the case of registered or certified mail, when delivered or the first attempted delivery on a business day; or in the case of expedited prepaid delivery and telecopy, upon the first attempted delivery on a business day.

(e)    <u>Jury Trial Waiver</u>. THE UNDERSIGNED AGREES THAT ANY SUIT, ACTION OR PROCEEDING, WHETHER CLAIM OR COUNTERCLAIM, BROUGHT BY THE UNDERSIGNED OR LENDER ON OR WITH RESPECT TO THIS GUARANTY OR ANY OTHER LOAN DOCUMENT OR THE DEALINGS OF THE PARTIES WITH RESPECT HERETO OR

THERETO, SHALL BE TRIED ONLY BY A COURT AND NOT BY A JURY. LENDER AND THE UNDERSIGNED EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH SUIT, ACTION OR PROCEEDING. FURTHER, THE UNDERSIGNED WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER, IN ANY SUCH SUIT, ACTION OR PROCEEDING, ANY SPECIAL, EXEMPLARY, PUNITIVE, CONSEQUENTIAL OR OTHER DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THIS PARAGRAPH IS A SPECIFIC AND MATERIAL ASPECT OF THIS GUARANTY AND THAT LENDER WOULD NOT EXTEND CREDIT TO BORROWER IF THE WAIVERS SET FORTH IN THIS PARAGRAPH WERE NOT A PART OF THIS GUARANTY.

[Remainder of this page intentionally left blank.]

IN WITNESS WHEREOF, the undersigned has executed this Guaranty as of the date first above set forth.

Signed, Sealed, and Delivered in the Presence of:

Name: _William B. Stull_

**GUARANTOR**

Richard J Puleo, individually

Name: _____

STATE OF PA )
             ) ss.:
COUNTY OF LANCASTER

On June 26, 2019 before me personally came Richard J Puleo, who being by me duly sworn, did depose and say that he/she signed this instrument as his/her voluntary act and deed.

NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
William B. Stull, Notary Public
Lancaster County
My commission expires November 18, 2019
Commission number 1162557

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Laura Shue - Recorder*
*Tina M. Channell - Deputy*

Instrument Number - 2019028748
Recorded On 7/8/2019 At 3:09:48 PM
* Instrument Type - **MORTGAGE**
Invoice Number - 1328099
* Grantor - LEWISBERRY PARTNERS LLC
* Grantee - LOAN FUNDER LLC SERIES 7693
User - TMC
* Customer - SIMPLIFILE LC E-RECORDING

Book - 2525   Starting Page - 3369
* Total Pages - 52

* Received By:

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $40.25 |
| RECORDING FEES | $107.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $300.00 |
| BLIGHT DEMOLITION FUND | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| TOTAL PAID | $479.25 |

PARCEL IDENTIFICATION NUMBER
270002901470000000
270002901480000000
270002901490000000
270002901500000000
**Total Parcels: 30**

I Certify This Document To Be
Recorded In York County, Pa.



Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*
# PLEASE DO NOT DETACH
*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: **2525** Page: **3420**

Case 21-10327-elf   Doc 71-7   Filed 04/07/21   Entered 04/07/21 17:04:33   Desc
Inst. # 2019028748 - Page 1 of 52
Exhibit C: APOC Part 1    Page 26 of 27

Page **1** of **47**

PREPARED BY AND, AFTER
RECORDING, RETURN TO:

LaRocca, Hornik, Rosen, & Greenberg
83 South Street
Freehold, New Jersey 07728
Attention: Jonathan L. Hornik, Esq.

| CERTIFIED PROPERTY IDENTIFICATION NUMBER |
|---|
| S |
| 270002901470000000    FRVW TP |
| 270002901480000000    FRVW TP |
| 270002901490000000    FRVW TP |
| 270002901500000000    FRVW TP |
| 270002901510000000    FRVW TP |

Parcel No.

This mortgage is an open end mortgage that secures future advances

## OPEN – ENDED COMMERCIAL MORTGAGE, SECURITY AGREEMENT AND FIXTURE FILING

THIS MORTGAGE, made as of this **June 26, 2019** by **LEWISBERRY PARTNERS LLC, a** Pennsylvania limited liability company having its principal place of **27 Nutt Road, Phoenixville, PA 19460** ("Mortgagor" or "Borrower", as the case maybe), and from **LOAN FUNDER LLC, SERIES 7693,** a Delaware limited liability company having its principal place of business at **645 Madison Avenue, Floor 19, New York, NY 10022** (hereinafter referred to as "Mortgagee" or "Lender" as the case maybe).

# W I T N E S S E T H

WHEREAS, Mortgagee has agreed to lend and Mortgagor has agreed to borrow the principal sum of **Eight Million Twenty Five Thousand and 00/100 dollars ($8,025,000.00)** ("Loan"), on the terms and conditions provided herein and in the Loan Documents (as hereinafter defined);

WHEREAS, Mortgagor has executed and delivered to Mortgagee, among other things, that certain Loan and Security Agreement (as same may be amended, restated or modified from time to time, "Loan Agreement") and that certain Promissory Note (as same may be amended, restated or modified from time to time, "Note") both of even date herewith, evidencing the Loan; and

WHEREAS, Mortgagor expects to derive benefit from the Loan and has agreed to secure the Loan by, among other things, the grant of this Mortgage to Mortgagee.

WHEREAS, Mortgagor is indebted to Mortgagee by virtue of a commercial loan transaction (the "Loan") in the sum of **Eight Million Twenty Five Thousand and 00/100 dollars ($8,025,000.00)**as evidenced by (1) a certain Commercial Promissory Note in the principal amount of **Eight Million Twenty Five Thousand and 00/100 dollars ($8,025,000.00)** (as same may be amended, restated, or modified from time to time, the "Note") dated **June 26, 2019** executed by Mortgagor and delivered to Mortgagee, with all amounts remaining unpaid thereon being finally due and payable on **June 26, 2049** and (2) that certain Loan Agreement (as same may be amended, restated, or modified from time to time, "Loan Agreement") of even date herewith;

WHEREAS, the terms and repayment of such obligations of the Mortgagor are set forth in the Note;

WHEREAS, to secure payment and performance of the indebtedness and obligations represented by the Note, the Mortgagor is hereby executing this Mortgage in favor of the Mortgagee;

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP
Mortgage and Security Agreement

# PROPERTY  PARCEL NUMBERS  / ADDRESSES

27-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-00-00000  2 KINGSWOOD DR
27-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-00-00000  4 KINGSWWOD DR
27-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-00-00000  6 KINGSWOOD DR
27-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-00-00000  8 KINGSWOOD DR
27-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-00-00000  10 KINGSWOOD DR
27-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-00-00000  12 KINGSWOOD DR
27-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-00-00000  14 KINGSWOOD DR
27-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-00-00000  16 KINGSWOOD DR
27-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-00-00000  18 KINGSWOOD DR
27-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-00-00000  20 KINGSWOOD DR
27-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-00-00000  22 KINGSWOOD DR
27-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-00-00000  24 KINGSWOOD DR
27-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-00-00000  142 SCULLY PLACE
27-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-00-00000  144 SCULLY PLACE
27-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-00-00000  146 SCULLY PLACE
27-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-00-00000  148 SCULLY PLACE
27-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-00-00000  135 SCULLY PLACE
27-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-00-00000  133 SCULLY PLACE
27-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-00-00000  131 SCULLY PLACE
27-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-00-00000  129 SCULLY PLACE
27-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-00-00000  127 SCULLY PLACE
27-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-00-00000  125 SCULLY PLACE
27-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-00-00000  123 SCULLY PLACE
27-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-00-00000  121 SCULLY PLACE
27-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-00-00000  111 SCULLY PLACE
27-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-00-00000  109 SCULLY PLACE
27-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-00-00000  107 SCULLY PLACE
27-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-00-00000  105 SCULLY PLACE
27-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-00-00000  103 SCULLY PLACE
27-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-00-00000  101 SCULLY PLACE