# Exhibit "E"

# UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **LEWISBERRY PARTNERS, LLC,** | : | **Case No. 21-10327 (ELF)** |
| | : | |
| Debtor. | : | |
| | : | |

# **O R D E R**

AND NOW, this __19th__ day of ____February____, 2021, upon consideration of the Motion of Lewisberry Partners, LLC, the debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, Obermayer Redman Maxwell & Hippel LLP, for the entry of an order: (i) granting expedited consideration, shortened time and limited notice; (ii) granting the Debtor authority to sell (the "Sales") the properties located at; (a) 2 Kingswood Drive, Lewisberry, PA 17339 (Lot 47), (b) 8 Kingswood Drive, Lewisberry, PA 17339 (Lot 50), and (c) 16 Kingswood Drive, Lewisberry, PA 17339 (Lot 54) (the "Real Properties") to the prepetition purchasers, at private sale free and clear of all liens, claims and encumbrances, pursuant to Section 363(b), (f) and (m) of the United States Bankruptcy Code, 11 U.S.C. section 101 *et seq*. (as amended, the "Bankruptcy Code") free and clear of all liens, claims, and encumbrances pursuant to Section 363(b) and (f), and the Debtor's request to assume the Prepetition Agreements of Sale pursuant to Section 365(a) of the Bankruptcy Code(the "Motion")[1] and any

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

1

response thereto, and this Court being satisfied that due notice of the Motion and the Sales have been provided by the Debtor pursuant to Section 363 of the Bankruptcy Code, Rules 2002(a)(2), (c)(1), (k), 6004(a) and 9007 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") and Rules 2002-1, 6004-1, and 9014-3 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania ("L.B.R.") including good and proper notice upon the Debtor's secured lender Loan Funder LLC, Series 7693 or its assignee or designee (together "Loan Funder") and its servicer, Fay Servicing LLC ("Fay"); and this Court being further satisfied that the Debtor has demonstrated that there is a sound business purpose for the sale of the Properties, that the Sales represent the highest and best offers for the Properties, that the Sales are proposed in good faith and therefore, the relief requested in the Motion is appropriate and in the best interests of the Debtor's bankruptcy estate; and the Debtor further establishing that the lien and claim of the Lender are subject to a bona fide dispute pursuant to Section 363(f)(4) of the Bankruptcy Code, the Debtor having articulated legal claims against the Lender, including disputes as to the value of the Collateral underlying the alleged liens and claims of the Secured Creditor, and further that the applicable nonbankruptcy law permits the sale of the Real Properties free and clear or the Lender's interests, and it further appearing that good cause exists for the relief requested in the Motion; and this Court having found and determined that the relief requested by the Debtor is necessary; and, after due deliberation and sufficient cause being shown,

**IT IS HEREBY ORDERED THAT:**

The Motion is **GRANTED** as follows:

1.    The Debtor is authorized at Closing to assume the Prepetition Agreements of Sale pursuant to Section 365(a) of the Bankruptcy Code.

2

2. Each Prepetition Purchase Agreement is approved and the Debtor, the Purchasers and any applicable title company is further authorized to complete the Sales of the Real Properties, pursuant to § 363(b), (f), and (m) of the Bankruptcy Code, free and clear of any and all interests, liens, claims, or encumbrances, pursuant to the Prepetition Purchase Agreements, at private sales (the "Sales") as follows and as further described in the Motion:

    a. 2 Kingswood Drive, Lewisberry, PA 17339 to Andrew J. Kaehler and Peggy A. Kaehler;

    b. 8 Kingswood Drive, Lewisberry, PA 17339 to Kristine Fischer and Jamie T. Fischer; and

    c. 16 Kingswood Drive, Lewisberry, PA 17339 to Bobby Hile and Sara Hile.

3. The Debtor shall retain the net proceeds of the Sales, and all liens, claims, and encumbrances related to any Allowed Claim, shall attach to the proceeds up to the Release Price for each of the Sales, which Release Prices in the amounts set forth in the Motion shall be held in escrow pending the outcome of the Debtor's disputes with Loan Funder and Fay with respect to the purported liens and claims.

4. Ordinary and necessary closing costs can be paid at the closing of each Real Property.

5. At each Closing on the Sales, Loan Funder's lien and or interest on the Real Property, including any fixtures, which is the subject of the Closing shall be released by operation of this Order and the title company insuring title with respect to the Sales shall accept this Order as a release of any lien or interest of Loan Funder in the subject Real Property including the release of UCC-1s and shall have the effect of the filing of a UCC-3 with respect to

3

OMC\4830-9962-7229.v1-2/18/21

the Real Properties without the necessity of a further release of lien signed by Loan Funder or Fay.

6.  This Order shall not affect Loan Funder's lien on any of the Debtor's other properties as to which the Debtor, Loan Funder and Fay reserve all rights.

7.  The fourteen (14) day stay imposed by Fed. R. Bankr. P. 6004(h) is hereby waived and this Order is effective immediately upon its entry.

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

4

OMC\4830-9962-7229.v1-2/18/21