**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:**<br><br>**LEWISBERRY PARTNERS, LLC,**<br><br>Debtor. | :<br>:<br>: **Chapter 11**<br>:<br>: **Bankruptcy No. 21-10327 (ELF)**<br>:<br>: |

**FOURTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. §§ 361, 363 AND 105**

AND NOW, upon consideration of the Motion of the Debtor, Lewisberry Partners, LLC (the "Debtor") pursuant to 11 U.S.C. §§ 361, 363 and 105 to (i) Permit Use of Cash Collateral and Provide Adequate Protection to Parties With Interest in Cash Collateral (ii), Schedule Final Hearing on the Motion, and (iii) Request for Expedited Hearing, Reduced Notice Period and Limited Notice Pursuant to Federal Rule of Bankruptcy Procedure 9006(C)(1) and Local Bankruptcy Rule 5070(f) (the "Motion"),[1] and

IT APPEARING THAT, within the time frames set forth in the Third Interim Order Granting the Motion of the Debtor Pursuant to 11 U.S.C. §§ 361, 363 and 105 to Approve the Use of Cash Collateral [D.N. 83] (the "Third Cash Collateral Order"), the Debtor has provided, each of the parties set forth below such notice of the time, place, and nature of the third interim Cash Collateral hearing scheduled for April 14, 2021 at 11:00 a.m via zoom technology: (1) the Office of the United States Trustee, (2) the Debtor's secured lender Loan Funder LLC, Series 7693 and its servicer Fay Servicing, LLC, and (3) the Debtor's top 20 unsecured creditors, and it further

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion, the Bankruptcy Code and/or the Federal Rules of Bankruptcy Procedure.

APPEARING, that the Debtor filed a certificate of service of the Third Cash Collateral Order on April 23, 2021; and it further

APPEARING, that Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 9, 2021 (the "Petition Date") and is continuing in the management and possession of its businesses and property as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code; and it further

APPEARING that the Debtor owns the Properties which consist of twenty seven (27) townhomes which it leases to residential tenants; and it further

APPEARING, that prior to the Petition Date, the Debtor entered into a secured Note and Security Agreement under and pursuant to which Loan Funder was granted a first priority mortgage on the Properties of the Debtor; and it further

APPEARING, that in connection with the Note and Security Agreement, the Debtor granted an assignment of rents to Loan Funder (the "Lewisberry Collateral") as security for the obligations under the Note; and it further

APPEARING, that Debtor has requested that Loan Funder and any successor continue to allow the Debtor to use cash in order to provide funds to be used by Debtor for its general operating, working capital, and other business purposes in the ordinary course of Debtor's business on an interim and permanent basis; and it further

APPEARING, that at some point in April 2021, after the Petition Date, the Lewisberry Mortgage was assigned by Loan Funder to U.S. Bank National Association, not in its individual capacity but solely as Trustee of the HOF Grantor Trust I ("U.S. Bank" or in connection with Loan Funder, the "Lender"); and it further

APPEARING, that during the period covered by this Order, the Lender's collateral position will not erode; and it further

APPEARING, that for the purposes of this cash collateral period the Debtor has demonstrated that it has a reasonable prospect of successful reorganization but the ability of the Debtor to continue its businesses and remain a viable entity and thereafter reorganize under chapter 11 of the Bankruptcy Code depends upon Debtor obtaining use of its cash collateral; and it further

APPEARING, that Fay Servicing LLC, is the servicer to U.S. Bank, not in its individual capacity, but as Trustee of the HOF Grantor Trust I ("Fay"); and it further

NOW, THEREFORE, upon the submissions, evidence and the record set forth by Debtor, including the Motion, the pleadings in this case, testimony of the Debtor's managing member and president and a representative of Fay, the Debtor's exhibits and the record of the proceedings heretofore held before this Court with respect to the Motion and upon completion of the interim hearing and sufficient cause appearing therefor, the Court hereby finds as follows:

A. **Notice and Hearing**. Notice of the Motion and order shortening time pursuant to Federal Rule of Bankruptcy Procedure 9006(c) for the hearing on the Debtor's use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B. **Chapter 11 Filed**. Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code on February 9, 2021 (the "Petition Date") and is presently operating as a Debtor-in-Possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

C. **Pre-Petition Debt**. Loan Funder or its assignee has alleged liens and security interests in the assets of the Debtor, including but not limited to its rents. Any and all rights of the Debtor, any Creditors' Committee that may be appointed, any successor-in-interest to the Debtor and any party in interest to contest the scope, validity, and or perfection of the Lender's purported liens and security interests and the validity and enforceability of the Loan Documents including any assignment thereof as well as the application of any payment made by the Debtor to Loan Funder, any assignee or Fay pursuant to this Order are hereby preserved.

D. **Pre-Petition Collateral**. Loan Funder, any assignee and/or Fay asserts that it has properly perfected liens on its collateral at the commencement of the case, including the Debtor's rents and other collateral which is or may result in cash collateral, which assertion remains the subject of dispute as set forth in paragraph C above.

E. **Necessity and Best Interest**. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its businesses in Chapter 11. The Debtor requires the immediate authority to use Cash Collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of Cash Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of Cash Collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's Budget, annexed hereto as Exhibit "A" (the "Budget") for the time period from the Petition Date through the date of a further hearing scheduled herein.

H. **Purposes**. Debtor is authorized to use the Cash Collateral to meet its ordinary cash needs (and for such other purposes as may be approved in writing by Loan Funder, any

OMC\4815-7676-4393.v1-5/10/21

assignee or Fay) for the payment of the Debtor's actual expenses necessary to (a) maintain and preserve their assets, (b) continue operation of its businesses, including the payment of expenses as reflected in the Budget, and (c) to pay United States Trustee fees.

I. **Standing**. For the purposes of the hearing on April 14, 2021 only, Fay as servicer for U.S. Bank has standing to participate and contest the use of Cash Collateral.

**ORDERED** as follows:

a. **Objection Overruled**. As set fotth in the Third Cash Collateral Order, the Objection to the Motion filed by Fay was expressly overruled after a contested evidentiary hearing.

b. **Use of Cash Collateral**. Debtor is authorized to use Cash Collateral pursuant to the Budget, with a 10% variance allowed to the Debtors over and above such amounts, until June 14, 2021 (the "Third Interim Period") for the operation of the Debtor's business. The Debtor's banks and each of them are authorized and directed to receive, process, honor, and pay upon any draft drawn on the Lender's collateral for purposes of making the payments authorized under this Cash Collateral Order.

c. **Adequate Protection.** As adequate protection for use of the Lender's Cash Collateral from the Petition Date forward, the Lender is granted Replacement Liens to the same extent and priority existing on the Petition Date, including with respect to the net proceeds of sale of the three properties which have been sold by the Debtor pursuant to this Court's Order dated February 19, 2021. Replacement security interests under Section 361(2) of the Bankruptcy Code, to the extent the Cash Collateral of the Lender is used by the Debtors, shall be to the extent of, and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that the Lender held in the Debtor's pre-petition collateral.

5

d. **Interlocutory Order and No Modification of the Lender's Adequate Protection**. This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit the Lender to the relief granted herein: (b) bar the Lender and/or the Debtor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Lender, the Debtor and other parties-in-interest entitled to notice of same. The Order may be modified for cause shown by the Debtor, the Lender on notice to creditors. No such modification, however, shall deprive the Lender of its interests in Debtor's property (pre-petition and post-petition) absent further Order of this Court.

e. **Further Hearing**. Any creditor or other interested party having any objection to the Debtor's request for further interim use of the Cash Collateral and relief, shall file with the Clerk of this Court and serve upon counsel for the Debtor and Loan Funder on or before **June 4, 2021**, a written objection and shall appear to advocate said objection at a hearing to be held on **June 9, 2021 at 11:00 a.m**. in Bankruptcy Courtroom #1, Robert N.C. Nix, Sr., Federal Building & Post Office, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania. In the event no objections are filed and advocated at such hearing, then the Court may enter an Order authorizing further use of cash collateral without further notice or hearing in accordance with Bankruptcy Rule 4001(d)(3).

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

OMC\4815-7676-4393.v1-5/10/21

f. **Notice of Order**. **On or before May 14, 2021**,Debtor shall serve a copy of this Order, and supporting papers if not previously served, by first-class mail upon (1) the United States Trustee, (2) the Lender or its counsel of record (3) Fay or its counsel of record (4) the members of the Creditors Committee and its counsel, or if no committee has been appointed, the 20 largest unsecured creditors, and any other parties requesting notice. Debtors shall immediately file with the Clerk a Certificate of Service of said mailing.

Dated:  5/11/21

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

OMC\4815-7676-4393.v1-5/10/21

# Exhibit A

**Lewisberry Partners, LLC - 30 day Cash budget:** ==May 12th-June 9th    Projected -- AS SUBMITTED for May 10th Hearing==

| | 12-May | 19-May | 26-May | 2-Jun | 9-Jun | MONTH: |
|---|---:|---:|---:|---:|---:|---:|
| **Acct Balance:** | 170,792 | | | | | **170,792** |
| | | | | | | |
| **RENTAL + LATE FEE INCOME** | 1,645 | 1,615 | 1,895 | 12,000 | 15,655 | **32,810** |
| **NET SALE PROCEEDS from Operating to Escrow account** | -78,848 | | | | | **-78,848** |
| | | | | | | |
| **EXPENSES/DEBITS:** | | | | | | |
| FAY Servicing - Mortgage | | | | | | **0** |
| Management Fees | | | | 4,500 | | **4,500** |
| Legal / Accountant | | | | | | **0** |
| Insurance | | | | | | **0** |
| Electric | | | 420 | 215 | | **635** |
| Water / Sewer | | 200 | | 500 | 100 | **800** |
| Trash | | | | | | **0** |
| Gas | | 500 | 50 | 50 | | **600** |
| Landscaping, Snow Removal | 1,200 | | 700 | 2,000 | 700 | **4,600** |
| HVAC | 250 | 300 | | 450 | | **1,000** |
| Appliances / Appliance Repairs | | 500 | | | 500 | **1,000** |
| Cleaning, Repairs & Maintenance | 800 | 1800 | 700 | | 800 | **4,100** |
| Office Supplies/Shipping | | | | | | **0** |
| Bank Fees / Wire Fees | | | | | | **0** |
| Eviction Costs | | | | | | **0** |
| Return Sec Deposit - Exited Tenant | 2000 | | | | | **2,000** |
| Professional Fees | | | | | | **0** |
| US Trustee Fees | | 975 | | | | **975** |
| Real Estate Taxes | | | | | | **0** |
| Officer Compensation | | 8,224 | | | | **8,224** |
| **TOTAL EXPENSES/DEBITS:** | **4,250** | **12,919** | **1,665** | **7,500** | **2,100** | **28,434** |
| | | | | | | |
| **Total Cash Out** | 4,250 - | 12,919 - | 1,665 - | 7,500 - | 2,100 - | 28,434 |
| **Net Cash** | 89,339 - | (11,304) - | 230 - | 4,500 - | 13,555 - | 96,320 |
| | | | | | | |
| **Cash Balance** | 89,339 - | (11,304) - | 230 - | 4,500 - | 13,555 - | 96,320 |