**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** : | **Chapter 11** |
| : | |
| **LEWISBERRY PARTNERS LLC,** : | **Case No. 21-10327-elf** |
| : | |
| **Debtor.** : | |
| : | |

## LEWISBERRY PARTNERS LLC'S THIRD AMENDED PLAN OF REORGANIZATION DATED NOVEMBER 12, 2021

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Lewisberry Partners LLC (the "Debtor") from the sale of certain assets and cash flow from operations of rental property.

This Plan provides for:    __1__   class of secured claims;
                           __1__   class of unsecured creditors; and
                           __1__   class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive a pro rata percentage of their allowed claims based upon the funds from litigation, sales and business operations and a potential refinancing of existing debt of the Debtor as estimated below. This Plan also provides for payments of administrative claims in full on the Effective Date of the Plan or as otherwise agreed to, and payment of priority claims to the extent permitted by the Code, unless the holder of such claim agrees to different treatment.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding the Plan and the rights of creditors and equity holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | **Class 1.** | Secured Claim of U.S. Bank as Trustee of HOF Grantor Trust I, to the extent allowed as an unsubordinated secured claim under §506 of the Code. |
| 2.02 | **Class 2.** | All non-priority unsecured claims allowed under §502 of the Code. |
| 2.03 | **Class 3.** | Equity owners of the Debtor. |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section §1123(a)(1), administrative claims and priority tax claims are not in classes. |
| 3.02 | **Administrative Expense Claims** | Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the Effective Date of the Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority Tax Claims** | Each holder of an allowed priority tax claim will be paid in accordance with §1129(a)(9)(c) of the code. |
| 3.04 | **Statutory Fees** | All fees required to be paid under 28 U.S.C. §1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date. |
| 3.05 | **Prospective Quarterly Fees** | All quarterly fees required to be paid under 28 U.S.C. §1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date. |

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 **Claims and interests shall be treated as follows under the Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 **Secured Claim of U.S. Bank as Trustee of HOF Grantor Trust I** | Impaired | Class 1 is the Secured Claim of U.S. Bank as Trustee of HOF Grantor Trust I. The treatment to be provided to Class 1 shall be in full and final satisfaction of the Note underlying the Secured Claim. Debtor has objected to this claim in the Suit, seeking, among other things, bifurcation, and/or |

2

4856-2702-0803

equitable subordination as well as state law created causes of action.

The Puleos shall grant the holder of the Class 1 claim an assignment of rents in the Puleo Properties, and shall record the same on the Effective Date. Pursuant to the Mortgage granted by the Puleos on the Puleo Properties, the Class 1 claimant has demanded, on November 11, 2021, that payment of all rents henceforth received from the Puleo Properties be paid to the to the Class 1 Claimholder.

Upon any sale pursuant to this Plan, Debtor shall retain the net proceeds of the sale, and all liens, claims, and encumbrances related to any allowed Class 1 claim shall attach to the proceeds up to the Release Price for each property, which shall be held in escrow pending the outcome of the Suit.

Upon any refinancing pursuant to this Plan, Debtor shall escrow loan proceeds equal to the Release Price for each refinanced property, which shall be held in escrow pending the outcome of the Suit. Class 1 claimant shall take all actions reasonably necessary to permit any refinancing lender to clear title and close the refinance loan including satisfying any document of record that would encumber title to a refinanced property and releasing any relevant lien or assignment of rents.

Pending the resolution of the Suit, the Reorganized Debtor shall escrow payments representing 3.5% present value interest upon the Secured Claim.

Class 1 has not elected treatment under 11 U.S.C. 1111(b). To the extent that Class 1 is determined to hold an allowed Secured Claim, this Class retains its liens on property of the Reorganized Debtor. The Reorganized Debtor shall pay the allowed Secured Claim in equal quarterly payments on a 30-year

4856-2702-0803

| | | | |
|---|---|---|---|
| | | | amortization at 3.5% interest. To the extent that the Class 1 claimant is determined to hold an allowed unsecured claim, that claim is a Class 2 claim. |
| | | | Upon resolution of the Suit by settlement or Final Order, Debtor shall distribute escrowed payments to the extent that Class 1 claims are allowed secured claims and are not equitably subordinated. To the extent this Class is subordinated, Class 1 claims shall receive no distribution under this Plan. |
| | Class 2 **General Unsecured Creditors** | Impaired | Class 2 is impaired by this Plan. Once administrative expense claims are paid in full, Debtor will make quarterly payments to Class 2 on a pro rata basis over a one (1) year period commencing in the quarter in which the Effective Date falls, and each subsequent quarter as Plan funding becomes available pursuant to Article VII. The Debtor anticipates administrative claims will be paid in full from the proceeds of a refinance on or soon after the Effective Date. |
| | Class 3 **Equity** | Unimpaired | Class 3 is unimpaired by this Plan. All equity holders shall retain their equity post-confirmation on account of the New Value Contribution. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

| 5.01 | **Disputed Claims** | A disputed claim is a claim that has not been allowed or disallowed, by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
|---|---|---|
| 5.02 | **Claim Objections; Effect on Voting Rights** | Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims and shall file objections on or before sixty (60) days from the Effective Date. |

| | | |
|---|---|---|
| 5.03 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless and until such claim is allowed by final non-appealable order. |
| 5.04 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor will file, on or before the Confirmation Date, a list of Executory Contracts it intends to assume, along with cure amounts required to assume any such contract. <br><br> (b) Except for the executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under Article 6.01(a) of the Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date. <br><br> A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the entry of the order confirming the Plan. |

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by one or any of the following:

1. **Sales:** Confirmation of this Plan authorizes the Debtor and the Puleos to market and sell some or all of their real property, in the exercise of their business judgment, free and clear of all liens and interests pursuant to 11 U.S.C. §363(b), (f) without further court approval, provided that the consideration exceeds the mandatory Release Price and the consideration is sufficient to pay all other liens and associated closing cost in full. Confirmation of this Plan constitutes a finding that the lien associated with the Class 1 claim is subject to a bona fide dispute and applicable nonbankruptcy law permits these sales free and clear of that lien. After payment of all other liens and closing costs, the Debtor shall escrow an amount equivalent to the Release Price consistent with Article IV of this Plan, and any additional proceeds shall be distributed in accordance with the Plan. Any such sale necessary to fund this Plan shall be made pursuant to this Plan and exempt from transfer or stamp taxes pursuant to 11 U.S.C. §1146.

4856-2702-0803

      2.    **Refinance:** Confirmation of this Plan authorizes the Debtor and the Puleos to refinance some or all of their real property, in the exercise of their business judgment, without further court approval, provided that the consideration exceeds the mandatory Release Price for all refinanced properties. The Debtor shall escrow an amount equivalent to the Release Prices consistent with Article IV of this Plan, and any additional proceeds shall be distributed in accordance with the Plan.

      3.    **Operations:** Net income from the rental properties including those properties subject to leases assumed under Article 6.01(a).

      4.    **Litigation:** Net recoveries from the Suit after payment of counsel fees and costs incurred in the Suit.

      5.    **Collections:** Recoveries from the Debtor's preconfirmation accounts receivable, if any.

      6.    **New Value Contribution:** On the Effective Date or as soon thereafter as is reasonably practicable, the Puleos shall grant the holder of the Class 1 claim an assignment of rents in the Puleo Properties and record the same. The Puleos may market and sell up to five (5) Puleo Properties per year pursuant to Article VII.1 of this Plan and shall contribute the net proceeds to the Debtor to be disbursed pursuant to this Plan. Also, pursuant to the Plan, the Puleos shall contribute the net rental proceeds of the Puleo Properties to the Debtor to the extent necessary to fund the Plan. Pursuant to the Mortgage granted by the Puleos on the Puleo Properties, the Class 1 claimant has demanded, on November 11, 2021, that payment of all rents henceforth received from the Puleo Properties be paid to the to the Class 1 claimant. This contribution of net rents and of net sale proceeds from the Puleo Properties to fund this Plan are contributions of money or money's worth reasonably equivalent to the unimpaired equity interests retained pursuant to this Plan and necessary to the performance of this Plan.

      Richard Puleo shall serve as Disbursing Agent for the Debtor, and shall make monthly or quarterly disbursements of funds from the above sources to the Classes entitled to receive them pursuant to this Plan. The Disbursing Agent shall not be paid for his efforts as Disbursing Agent and no bond is required.

### ARTICLE VIII
### GENERAL PROVISIONS

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:<br>"**New Value Contribution**" means the transfers contemplated in Article VII.6 of this Plan.<br>"**Puleos**" means Richard and Lorraine Puelo, principal owners of the Debtor. |

|      |                        |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
|------|------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      |                        | "**Release Prices**" means the per-unit release prices in the loan documents related to Class 1 claims, as set forth in Exhibit A attached to this Plan.<br>"**Suit**" means Lewisberry Partners LLC v. Loan Funder LLC Series 7693 et al., Adversary No. 21-52-elf and any other action by the Debtor against Loan Funder LLC, U.S. Bank as Trustee of HOF Grantor Trust I, Fay Servicing LLC and any related parties for recovery of damages, lien bifurcation, equitable subordination and other related relief. |
| 8.02 | **Effective Date**     | The Effective Date of this Plan is the day the order confirming the Plan becomes a final order. |
| 8.03 | **Severability**       | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect**     | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions**           | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.  In the event of any dispute over the meaning of any provision in the Plan or Disclosure Statement, the terms of the Plan control. |
| 8.07 | **Retention of Jurisdiction** | The Court shall retain jurisdiction of the case after the Confirmation Date for the following purposes: (a) to determine any and all objections in the allowance of claims and amendments to schedules; (b) to classify the Claim of any Creditor and to re-examine Claims which have been allowed for purposes of voting, to determine such objections as may be filed to Claims; (c) to determine any and all disputes arising under or in connection with the Plan, including, but not limited to, any default remedies granted herein, and the sale of any of the Debtors' assets, collection or recovery of any assets; (d) to determine any and all applications for allowance of compensation and reimbursement of expenses herein for fees incurred through the Confirmation Date; (e) to determine any and all pending applications for rejections of executory contracts and unexpired leases and the allowance of any claims resulting from the rejection thereof or from the rejection of executory contracts or unexpired leases pursuant to the Plan; (f) to determine any and all applications, adversary proceedings and contested and |

4856-2702-0803

litigated matters pending in the case as of, or after, the Confirmation Date; (g) to determine any and all proceedings for recovery of payments pursuant to any Cause of Action; (h) to modify any provision of the Plan to the full extent permitted by the Bankruptcy Code; (i) to correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes, intent and effect of the Plan; (j) to determine such other matters which may be provided for in the Confirmation Order as may be authorized under the provisions of the Bankruptcy Code; (k) to hear and enter an order regarding any Claims under Section 505 of the Bankruptcy Code; (l) to enter any order, including injunctions, necessary to enforce the terms of the Plan, the powers of the Debtor under the Bankruptcy Code, this Plan and as the Court may deem necessary; and

(m) over the Suit.

# ARTICLE IX
# DISCHARGE

Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtor or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtor, shall be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan. The discharge and injunction provided for in this Plan does not discharge any obligation of the Puleos or any other non-debtor parties to any creditors.

# ARTICLE X
# INJUNCTION

**Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the folloswing actions against the Debtor, the Reorganized Debtor, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated interests or rights: (i) commencing or continuing, in any manner**

**or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any person that does not comply with or is inconsistent with the provisions of the Plan.**

          Respectfully submitted,

          DocuSigned by:

          *Rich Puleo*

          96ABBD247EBC469...

          Richard Puleo, Managing Partner
          Lewisberry Partners LLC, Plan Proponent


          /s/ Turner N. Falk_____
          Turner N. Falk, Esquire

4856-2702-0803

# EXHIBIT A

# RELEASE PRICES

## EXHIBIT B

LIST OF ASSUMED EXECUTORY CONTRACTS