# EXHIBIT "A"

LEWISBERRY PARTNERS LLC
$8,025,000.00
June 26, 2019

## COMMERCIAL PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, LEWISBERRY PARTNERS LLC, a Pennsylvania limited liability company having an address at 27 Nutt Road, Phoenixville, PA 19460 ("Maker"), promises to pay to the order of LOAN FUNDER LLC, SERIES 7693, a Delaware limited liability company at its principal place of business at 645 Madison Avenue, Floor 19, New York, NY 10022 ("Lender"), or at such other place as the holder hereof may designate, the principal amount of Eight Million Twenty Five Thousand and 00/100 dollars ($8,025,000.00), with interest on the principal amount of this Note computed from the date hereof, together with all taxes assessed upon this Note and together with any costs, expenses, and reasonable attorneys' fees incurred in the collection of this Note or in protecting, maintaining, or enforcing its security interest or any mortgage securing this Note or upon any litigation or controversy affecting this Note or the security given therefor, including, without limitation, proceedings under the Federal Bankruptcy Code.

1. **Payments.** Principal and interest hereunder shall be payable as follows:

    A.  Interest on the principal amount of this Note shall accrue at the rate of 8% per annum for the period from the date hereof to and including June 30, 2019 and shall be payable at the closing of the Loan.

    B.  The rate of interest of this Note, which shall remain effective until an Event of Default (as defined below), initially shall be fixed at 8% per annum. Commencing sixty (60) months after the date hereof, on June 26, 2025, the interest rate on this Note is subject to adjustment and shall accrue on the unpaid principal balance of this Note at the rate, determined by Lender, in its sole discretion, equal to the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as most recently published by *The Wall Street Journal* as of the date forty-five (45) days prior to each Interest Rate Change Date (the "LIBOR Rate"), plus five and 57/100 percent (5.57% %), and rounded up to the nearest 1/8th of one percentage point (0.125). The interest rate will be adjusted (each an "Adjusted Interest Rate") every year beginning on June 26, 2026 to reflect a change in the LIBOR Rate (each, an "Interest Rate Change Date"). Notwithstanding the foregoing, the maximum possible interest rate, absent an event of default, shall not exceed the Maximum Rate (as defined below). Additionally, in no event shall the interest rate on this Promissory Note ever be less than eight percent (8%) and in no event shall the interest rate increase or decrease more than two percent (2%) from the rate previously in effect. The foregoing is a reference rate for information and its use by the Lender herein in establishing the actual rates to be charged to Maker and does not necessarily constitute its lowest or best rate. IF the Lender determines that no interest rate reporting service presented information to identify the interest rate deferred above, the rate of interest at which deposits in dollars are offered to major banks in the London interbank market for a one-year period on the day that is two business days prior Interest Rate Change Date by any bank reasonably selected by the Lender. The change in the interest rate is effective whether or not Lender gives maker notice of the change. Interest on this Note shall be calculated on the basis of a 30-day month, 360 day year. Interest on this Note is subject to adjustment in accordance with Sections 5 and 6 below.

1

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

C. On the date hereof, Maker shall pay interest for the period from the date hereof to and including June 30, 2019. Commencing on August 01, 2019, and on the first day of each month thereafter, until June 26, 2049, Maker shall make monthly payments of interest only in arrears on the outstanding Principal Amount. Thereafter, Maker shall make payments of principal and interest, with said payments being in an amount amortized so that the Principal Balance is repaid by the Maturity Date. Maker acknowledges that it must repay the entire Principal Amount, together with all accrued unpaid interest thereon, on the Maturity Date. Makers initial monthly payment will be $53,066.67. The amount of the monthly installment of principal and interest payable shall change on each Interest Rate Change Date (each, a "Payment Change Date"). Commencing on the first Payment Change Date, the monthly payment will be based on the applicable Adjusted Interest Rate, the principal amount of the Loan then outstanding, and the Remaining Amortization Period. Remaining Amortization Period shall mean as of the applicable Payment Change Date, the Original Amortization Period minus the number of scheduled monthly installments of principal and interest that have elapsed since the date of this Note prior to the Payment Change Date. The Original Amortization Period shall mean the number of months set forth in the amortization schedule.

D. If not sooner paid, the entire principal amount of this Note, together accrued interest and with all other sums due hereunder, shall be due and payable in full on June 26, 2049 (the "Maturity Date").

E. All payments received will be credited first to late charges and costs hereunder, then to interest accrued at the applicable interest rate hereinafter set forth, with the balance on account of principal.

F. At no time shall the interest rate exceed the Maximum Rate permitted by the usury statutes governing this Note, if any. If, by application of the above interest rate formula, the interest rate would exceed and violate such usury statutes, interest shall accrue at the Maximum Rate as contemplated in Section 16 below.

2. **Closing and Loan Disbursement.** The Closing of the Loan and disbursement of the Loan proceeds will be made in accordance with the terms of the Loan Agreement of even date.

3. **Security.** This Note is secured by a first priority Commercial Mortgage(s) (the "Mortgage(s)") on those certain parcel(s) of real property known as Lots 47 through 96 located in Phase 2 & 3 of the P Lewisberry, PA, being more specifically described in the Loan Agreement and Mortgage(s).

4. **Default.** If any of the following events occur (which is an "Event of Default"), Lender may declare the entire outstanding principal balance hereof, together with any other amounts that Maker owes to Lender, to be immediately due and payable:

    a. Maker fails to pay any installment of principal and/or interest or any other charges due under this Note within five (5) days after the same becomes due and payable;

    b. Maker defaults in any other obligations, liabilities, or indebtedness with Lender (whether now existing or hereafter arising) set forth in the Loan Agreement, Mortgage(s), Assignment(s) of Leases and Rents or other Loan Documents;

    c. Maker sells, leases, or otherwise disposes of all or substantially all of its property, assets, or business in violation of the Mortgage and Loan Documents, or if Maker ceases any of its business operations, dissolves, or commences reorganization;

2

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

Case 21-10327-mdc   Doc 327-1   Filed 12/18/23   Entered 12/18/23 22:09:07   Desc
Exhibit Ex A   Page 4 of 10

d. Maker makes or takes any action to make a general assignment for the benefit of its creditors or becomes insolvent or has a receiver, custodian, trustee in Bankruptcy, or conservator appointed for it or for substantially all or any of its assets;

e. Maker files or becomes the subject of a petition in Bankruptcy or upon the commencement of any proceeding or action under any Bankruptcy laws, insolvency laws, relief of debtors laws, or any other similar law affecting Maker, provided, however, that Maker shall have sixty (60) days from the filing of any involuntary petition in Bankruptcy to have the same discharged and dismissed;

f. Upon the failure by Maker to observe or perform, or upon default in, any covenants, agreements, or provisions in the Mortgage, Loan Agreement or in any other instrument, document, or agreement, executed and/or delivered in connection herewith or therewith;

g. Any representation or statement made herein or any other representation or statement made or furnished to Lender by Maker was materially incorrect or misleading at the time it was made or furnished;

h. In the event of any material adverse change in the financial condition of Maker or any guarantor of the loan; or

i. Upon the death of any guarantor of the loan.

5. **Default Rate.** After the occurrence of an Event of Default (whether or not the Loan has been accelerated), interest will accrue at the lesser of (i) 23% per annum or (ii) the Maximum Rate (as defined in Section 16 below) allowed by applicable law. Interest will continue to accrue at the default rate after judgment until the Note is paid in full.

6. **Leasing Covenant.** Borrower shall lease the Mortgaged Properties to Eligible Tenants at the Loan Closing or by the day which is 30 days after the closing (the "30 Day Lease Date") (as defined in Section 2.12 of the Loan Agreement). If Borrower provides Lender evidence to Lender in its sole discretion that Borrower has (a) leased the Mortgaged Property to (b) an Eligible Tenant, (c) pursuant to an Eligible Lease by (d) the 30 Day Lease Date, then Borrower will have complied with this Section. If Borrower fails to comply with (a) through (d) above, then Borrower's interest rate shall be increased two hundred (200) basis points above the applicable note contract rate until the Mortgaged Properties are leased in accordance with this Section 6.

7. **Prepayment.** Provided that Maker is not in default hereunder, except as provided herein, Maker may prepay all or any portion of the unpaid principal balance of this Note at any time. All prepayment shall be applied first to any costs or charges due hereunder, then to interest due and owing hereunder, and then to principal then outstanding, in inverse order of maturity. Should Borrower need to repay the loan prior to the Maturity Date, Lender will permit Borrower to repay and Borrower will be charged a prepayment premium (whether by sale of the Mortgaged Properties or refinance) of 1.5% of the allocated loan amount for the twelve properties attached hereto on Exhibit "A". The remaining thirty-eight properties are subject to a prepayment lockout for six (6) months, with no penalty thereafter.

8. **Late Charge.** It is further agreed that the holder hereof may collect a late charge equal to the greater of five percent (5%) of any payment required hereunder or One Hundred Dollars ($100.00)

3

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

including without limitation the final payment, or any other payment required under any security agreement, mortgage, or any other instrument, document, or agreement executed and/or delivered in connection herewith which is not paid within ten (10) days of the due date thereof. This late charge is to cover the extra expenses involved in handling delinquent payments and is not to be construed to cover other costs and attorneys' fees incurred in any action to collect this Note or to foreclose the mortgage securing the same. This provision shall not affect or limit the holder's rights or remedies with respect to any Event of Default.

9. **Lien/Set Off.** Maker hereby gives the holder hereof a lien and right of set off for all of Maker's liabilities to the holder hereof or Lender upon and against all deposits, credits, and other property of Maker now or hereafter in the possession or control of the holder hereof, or in transit to it, excepting however, funds held in trust by Maker. All payments shall be made in lawful currency of the United States of America in immediately available funds, without abatement, counterclaim, or set-off, and free and clear of, and without any deduction or withholding for, any taxes or other matters.

10. **Purpose of Loan.** Maker represents and warrants that the proceeds of this Note are to be used solely for business and commercial purposes and not at all for any personal, family, household, or other noncommercial or farming or agricultural purposes. Maker acknowledges that Lender is making this loan to Maker in reliance upon the above representation by Maker. The above representation by Maker will survive the closing of this loan and repayment of amounts due to Lender hereunder.

11. **Other Obligations.** To the extent that the outstanding balance of this Note is reduced or paid in full by reason of any payment to Lender by an accommodation maker, endorser, or guarantor, and all or any part of such payment is rescinded, avoided, or recovered from Lender for any reason whatsoever, including, without limitation, any proceedings in connection with the insolvency, bankruptcy, or reorganization of the accommodation maker, endorser, or guarantor, the amount of such rescinded, avoided, or returned payment shall be added to or, in the event this Note has been previously paid in full, shall revive the principal balance of this Note upon which interest may be charged at the applicable rate set forth in this Note and shall be considered part of the outstanding balance of this Note and all terms and provisions herein shall thereafter apply to the same.

12. **Waiver.** MAKER (AND EACH AND EVERY ENDORSER, GUARANTOR, AND SURETY OF THIS NOTE) ACKNOWLEDGES THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION, AND HEREBY VOLUNTARILY AND KNOWINGLY WAIVES THE RIGHT TO NOTICE AND HEARING UNDER APPLICABLE NEW YORK GENERAL STATUTES, OR ANY SUCCESSOR STATUTE OF SIMILAR IMPORT, WITH RESPECT TO ANY PREJUDGMENT REMEDY AS DEFINED THEREIN, AND FURTHER WAIVES DILIGENCE, DEMAND, PRESENTMENT FOR PAYMENT, NOTICE OF NONPAYMENT, PROTEST AND NOTICE OF PROTEST AND NOTICE OF ANY RENEWALS OR EXTENSIONS OF THIS NOTE, AND ALL RIGHTS UNDER ANY STATUTE OF LIMITATIONS, AND AGREES THAT THE TIME FOR PAYMENT OF THIS NOTE MAY BE CHANGED AND EXTENDED AS PROVIDED IN SAID MORTGAGE OR ANY SECURITY AGREEMENT, WITHOUT IMPAIRING MAKER'S LIABILITY THEREON, AND FURTHER CONSENTS TO THE RELEASE OF ALL OR ANY PART OF THE SECURITY FOR THE PAYMENT HEREOF, OR THE RELEASE OF ANY PARTY LIABLE FOR THIS OBLIGATION WITHOUT AFFECTING THE LIABILITY OF THE OTHER PARTIES HERETO. ANY DELAY ON THE PART OF THE HOLDER HEREOF IN EXERCISING ANY RIGHT HEREUNDER SHALL NOT OPERATE AS A WAIVER OF ANY SUCH

4

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

RIGHT, AND ANY WAIVER GRANTED FOR ONE OCCASION SHALL NOT OPERATE AS A WAIVER IN THE EVENT OF ANY SUBSEQUENT DEFAULT. MAKER FURTHER WAIVES TRIAL BY JURY AND ACKNOWLEDGES THAT IT MAKES THIS WAIVER KNOWINGLY, VOLUNTARILY, AND ONLY AFTER CONSIDERATION OF THE RAMIFICATIONS OF THE WAIVER BY ITS ATTORNEY.

13. **Binding Effect.** This Note shall be binding on Maker, its successors and assigns and shall inure to the benefit of Lender, any holder hereof, its successors and assigns.

14. **Governing Law.** This Note shall be governed by, and construed in accordance with, the laws of the State of New York. The Maker acknowledges and agrees that the transaction evidenced by this Note was negotiated and accepted in the State of New York and the performance of the obligations hereunder shall be deemed to be performed in the State of New York.

15. **Joint and Several.** Should this Note be signed by more than one Maker, references in this Note to Maker in the singular shall include the plural and all obligations herein contained shall be joint and several of each signer hereof.

16. **Maximum Rate.** Notwithstanding anything to the contrary contained herein, under no circumstances shall the aggregate amount paid or agreed to be paid hereunder exceed the highest lawful rate permitted under applicable usury law (the "Maximum Rate") and the payment obligations of Maker under this Note are hereby limited accordingly. If under any circumstances, whether by reason of advancement or acceleration of the maturity of the unpaid principal balance hereof or otherwise, the aggregate amounts paid on this Note shall include amounts which by law are deemed interest and which would exceed the Maximum Rate, Maker stipulates that payment and collection of such excess amounts shall have been and will be deemed to have been the result of a mistake on the part of both Maker and the holder of this Note, and the party receiving such excess payments shall promptly credit such excess (to the extent only of such payments in excess of the Maximum Rate) against the unpaid principal balance hereof and any portion of such excess payments not capable of being so credited shall be refunded to Maker.

17. **Rights Cumulative.** The rights and remedies of Lender shall be cumulative and not in the alternative, and shall include all rights and remedies granted herein, in any document referred to herein or executed and/or delivered in connection herewith, and under all applicable laws, and the exercise of any one or more of them will not be a waiver of any other.

18. **Severability.** If any term, clause, or provision hereof shall be adjudged to be invalid or unenforceable by a court of appropriate jurisdiction, the validity and enforceability of the remainder shall not be affected thereby and each such term, clause, or provision shall be valid and enforceable to the fullest extent permitted by law.

19. **Payments Past Maturity.** Maker hereby authorizes Lender, at Lender's sole discretion, to instruct Lender's servicer or subservicer to continue accepting payments from Maker past the then original Maturity Date of this Note at the original terms stated herein and in the other Loan Documents. Maker hereby authorizes Lender and its servicer and subservicer to either (i) initiate, and/or continue the initiation of, ACH direct debit transactions from Maker's bank account supplied to Lender or its servicer or subservicer; and/or (ii) otherwise accept monthly payments due and owing on this Note in the form of paper checks or as otherwise agreed by and between Maker and Lender's servicer or subservicer. If the then original Maturity Date of this Note has passed, the continued acceptance of payments by Lender shall be at the sole and absolute discretion of Lender, and Lender

5

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

shall not be obligated to accept such payments. Lender reserves the right to cease or discontinue acceptance of any such payments from Maker at any time and to pursue all of its available remedies under this Note and the other Loan Documents.

6

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

IN WITNESS WHEREOF, the undersigned have executed this Commercial Promissory Note as of June 26, 2019.

BORROWER
LEWISBERRY PARTNERS LLC

By: _____
Name: Richard J Puleo
Title: Managing Member

STATE OF PA        )
                   )ss.:
COUNTY OF LANCASTER )

I certify that on June 26, 2019, Richard J Puleo, came before me in person and stated to my satisfaction that he/she:

(a) made the attached instrument; and

(b) was authorized to and did execute this instrument on behalf of and as Managing Member of LEWISBERRY PARTNERS LLC (the "Company"), the entity named in this instrument, as the free act and deed of the Company, by virtue of the authority granted by its operating agreement and members.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
William B. Stull, Notary Public
Lancaster County
My commission expires November 18, 2019
Commission number 1162557

7
Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP

**EXHIBIT A**

24 Kingswood Drive, Lewisberry, PA
22 Kingswood Drive, Lewisberry, PA
18 Kingswood Drive, Lewisberry, PA
20 Kingswood Drive, Lewisberry, PA
16 Kingswood Drive, Lewisberry, PA
14 Kingswood Drive, Lewisberry, PA
12 Kingswood Drive, Lewisberry, PA
10 Kingswood Drive, Lewisberry, PA
8 Kingswood Drive, Lewisberry, PA
6 Kingswood Drive, Lewisberry, PA
4 Kingswood Drive, Lewisberry, PA
2 Kingswood Drive, Lewisberry, PA

Copyright 2019 LaRocca, Homik, Rosen & Greenberg LLP

## NOTE ALLONGE

ALLONGE TO THAT CERTAIN NOTE DATED: 06/26/2019

LOAN NUMBER: 7693

IN THE AMOUNT OF: Eight million twenty five thousand dollars and zero cents ($8,025,000.00) Dollars

BORROWER NAME:

COLLATERAL ADDRESS: 100 Scully Place Kingswood Dr, Lewisberry, PA 08401

FROM: Loan Funder LLC, A Delaware Series Limited Liability Company, on behalf of itself and series 7693

TO: _____

PAY TO THE ORDER OF: _____.

ON THE 27 DAY Of June, 2019

Loan Funder LLC, on behalf of itself and Series 7693.

_____
BY: Amar Shah, Authorized Signer