# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Lewisberry Partners, LLC | : | |
| Debtor. | : | Bankruptcy No. 21-10327 |

# **O R D E R**

**AND NOW**, on December 12, 2023, Lewisberry Partners, LLC (the "Debtor") filed a *Combined Motion, for Entry of an Order (I) Granting Expedited Consideration, Shortened Time and Limited Notice; (II) To Reopen Debtor's Chapter 11 Bankruptcy pursuant to 11 U.S.C. 350(b) and Rule 5010 of the Federal Rules of Bankruptcy Procedure; (III) Compelling U.S. Bank Trust National Association to Comply with the Loan Documents, the Settlement Agreement and Plan and; (III) Granting Related Relief* [sic] (the "Motion to Reopen").[1]

**AND**, on December 13, 2023, the Court granted expedited consideration of the Motion to Reopen and scheduled a hearing for December 20, 2023 (the "Hearing").[2]

**AND**, on December 18, 2023, HOF Grantor Trust 1 (the "Trust"), U.S. Bank Trust, N.A. (the "Trustee), and Fay Servicing, LLC ("Fay," and together with the Trust and Trustee, the "Lender" and together with the Debtor, the "Parties") filed a response to the Motion to Reopen (the "Response").[3]

**AND**, on December 20, 2023, the Court held a hearing on the Motion and the Response (the "Hearing"), upon the conclusion of which the Court took the matter under advisement.[4]

---

[1] Bankr. Docket No. 322; Bankr. Docket No. 323.

[2] Bankr. Docket No. 325.

[3] Bankr. Docket No. 327.

[4] Bankr. Docket No. 328.

**AND**, the Court having considered the Motion to Reopen, the Response, and the Parties' arguments at the Hearing.

It is hereby **FOUND** and **DETERMINED** that:

## FACTUAL FINDINGS

A.On June 26, 2019, the Debtor executed a loan agreement and commercial promissory note (the "Note") with Loan Funder LLC Series 7693 (the "Loan Funder"), in the amount of $8,025,000 (the "Loan"), to fund the purchase of 30 improved townhomes located in Lewisberry, Pennsylvania (the "Lewisberry Properties").

B.The Note, secured in part by mortgage liens (the "Lewisberry Mortgage") on the Lewisberry Properties, also granted a security interest to present and future fixtures, rents, profits, and income derived from the Lewisberry Properties.

C.The Note was further secured by (a) mortgages granted by Richard and Lorraine Puleo (the "Puleos"), majority equity owners of the Debtor, by which the Puleos granted Loan Funder mortgage liens (the "Puleo Mortgages")[5] on an additional 20 single family townhomes located in York, County Pennsylvania which the Puleos owned (the "Puleo Properties" and together with the Lewisberry Properties, the "Mortgaged Properties"), and (b) a personal guaranty of the Loan executed by Richard Puleo in favor of Loan Funder.

D.In 2019, servicing for the Loan and the Note was transferred to Fay.

E.On February 9, 2021, the Debtor filed a chapter 11 bankruptcy petition in this Court, thereby initiating the above-captioned bankruptcy case (the "Bankruptcy Case").[6]

---

[5] The Lewisberry Mortgage and the Puleo Mortgages were subsequently assigned to Lender.
[6] Bankr. Docket No. 1. The Bankruptcy Case was assigned to my former colleague, the Honorable Eric L. Frank. Upon the filing of the Motion to Reopen, the Bankruptcy Case was reassigned to the undersigned due to Judge Frank's retirement in February 2023.

    F.     During the pendency of the Bankruptcy Case, the Debtor sold five of the Lewisberry Properties.

    G.     On March 3, 2022, after the Debtor had failed to obtain confirmation of its three previous proposed plans, the Court denied confirmation of Debtor's fourth proposed plan.

    H.     On August 3, 2022, the Debtor filed the *Motion of the Debtor to Approve Settlement Agreement and Confirm the Amended Plan and for Shortened Time and Limited Notice* (the "Settlement and Plan Confirmation Motion").[7]

    I.     Attached to the Settlement and Plan Confirmation Motion was a proposed settlement agreement between the Debtor, the Puleos, and the Trust (the "Settlement Agreement"), which provided, among other things, that the Debtor would prepare and transmit deeds-in-lieu for the unsold Mortgaged Properties, and unless the Debtor or the Puleos was in default of the Agreement, "Lender shall not record this deed."[8] Notably, the Settlement Agreement also provided that "[n]othing herein shall require the Lender to record Deeds-in-Lieu of foreclosure or seek judgment for foreclosure if there is an event of default hereunder."[9] The Settlement Agreement further provided that "If there is an Event of Default . . . Lender shall have the option, but not the obligation to record any of the Deeds in Lieu[.]"[10] The Debtor was given an additional year to attempt to sell a sufficient number of Mortgaged Properties and pay off the Loan (the "Sale Extension Period").[11]

---

[7] Bankr. Docket No. 294.

[8] Motion to Reopen, Exhibit B at §15.1.

[9] Id. at §15.2.

[10] Id. at §16.1.

[11] Id. at §11.2.

3

J.  On August 4, 2022, the Bankruptcy Court entered an Order approving the Settlement Agreement and confirming Debtor's fourth amended plan ("Confirmation Order").[12] The Confirmation Order provided that "In the event of any inconsistency between the Settlement Agreement, Amended Plan, or Motion with respect to the treatment of the Claim(s) of U.S. Bank, as Trustee of HOG Grantor Trust I, the terms of the Settlement shall control."[13]

K.  On November 3, 2022, a final decree closing the Bankruptcy Case was entered.[14]

L.  During the Sale Extension Period, the Debtor was only able to sell a few of the unsold Mortgaged Properties. As a result, the Debtor was unable to pay off the Loan by the maturity date, thereby defaulting on its obligations under the Settlement Agreement.

## DISCUSSION

M.  Pursuant to §350(b) of the Bankruptcy Code, "[a] bankruptcy case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). The decision to reopen the case is within the broad discretion of the bankruptcy court and the moving party has the burden of demonstrating circumstances sufficient to warrant reopening a case. *In re Frazer/Exton Development, L.P.*, 503 B.R. 620, 634 (Bankr. E.D. Pa. 2013).

N.  In determining whether compelling cause to reopen exists, bankruptcy courts consider a variety of factors, including "whether it is clear at the outset that the debtor would not be entitled to any relief after the case was reopened." *In re Padilla*, 365 B.R. 492, 503 (Bankr. E.D. Pa. 2007). If the moving party cannot obtain the substantive relief which it intends to seek,

---

[12] Bankr. Docket No. 297.
[13] Id. at ¶2.
[14] Bankr. Docket No. 321.

4

"then there is no reason to grant a motion to reopen." *In re Goetz*, 2009 WL 1148580, at *2 (Bankr. S.D. Tex. Apr. 24, 2009).

O. Here, the Debtor seeks to reopen its Bankruptcy Case to compel Lender to comply with its alleged obligations under the Settlement Agreement and Confirmed Plan to (1) value the remaining unsold Mortgaged Properties (the "Remaining Properties"), (2) record the deeds-in-lieu of foreclosure, and (3) ultimately credit the value of the Remaining Properties against the remaining principal balance owing under the Loan (the "Indebtedness").

P. The Debtor argues that it is entitled to the requested relief because under New York law, which governs the Loan Documents, there is a covenant of good faith and fair dealing in the course of performance that requires the Lender to record a sufficient number of deeds-in-lieu of foreclosure with respect to the Remaining Properties to pay the Indebtedness or exercise its rights under the Loan Documents.

Q. Contrary to the Debtor's contentions, however, the controversy at issue concerns the Settlement Agreement and the Settlement Agreement provides that "the validity, interpretation, and performance of this Agreement shall be construed and interpreted according to the laws of the Commonwealth of Pennsylvania."[15] Under governing Third Circuit law, the Court is required to apply Pennsylvania law when interpreting the Settlement Agreement. *See Sovereign Bank v. REMI Capital*, Inc, 49 F.4th 360, 363 n.2 (3d Cir. 2022) (finding that a suretyship agreement's choice-of-law provision providing that Pennsylvania law applied thereby governed interpretation of the agreement).

R. Pennsylvania law does not recognize a claim for breach of a covenant of good faith and fair dealing as an independent cause of action, whether expressed or implied, and a

---

[15] Debtor's Exhibit B at §25.

5

plaintiff must "[first] properly plead the elements of claim of breach of contract." *Zamos v. McNeil-PPC Inc., a Div. of Johnson & Johnson*, 713 Fed.Appx. 133, at *9 (3d Cir. 2017).

S.    As provided by the express terms of the Settlement Agreement, on the occurrence of a default by the Debtor or the Puleos, the Lender has the option to (i) record a sufficient number of deeds-in-lieu of foreclosure granted in connection with the Settlement Agreement to pay the Indebtedness, (ii) seek uncontested judgments for foreclosure for a sufficient number of Remaining Properties to satisfy the indebtedness, or (iii) exercise its rights under the Loan Documents.  As such the Lender is not obligated to record to the deeds-in-lieu of foreclosure, nor is it required to foreclose on the Remaining Properties.  Further, this Court cannot force the Lender to take actions that are not provided for in the Settlement Agreement. To do so would result in the Court re-writing the terms of the Settlement Agreement.

T.    The Debtor has failed to satisfy the requirement for reopening the Bankruptcy Case because the Court cannot afford the relief sought by the Motion to Reopen, and as such, the case must remain closed.

**NOW, THERE IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT** the Motion is **DENIED**.

Dated: January 31, 2024

*[signature]*
_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE